## The Allegheny Savings Bank *versus* Meyer *et al.*

59 361.
167 594
59 361
179 429
. 59 361
31 SC ³403

1. A garnishee is not liable for interest on a debt to a defendant in the attachment between the service of the writ and entry of judgment.

2. To his answer by the cashier of a bank garnishee to interrogatories, an account between the defendant and the bank was appended, showing a balance due the defendant. The answer stated that one of the credits making up the balance and entered as cash, was the check of a third person, which had been dishonored and protested, and that in consequence there was actually a balance due from the defendant to the bank. *Held*, that the answer did not warrant the entry of judgment against the garnishee for the balance on the account.

3. A garnishee's answer is not to be construed with the same strictness as an affidavit of defence.

4. Judgment will not be entered against a garnishee unless he expressly or impliedly admits his indebtedness to the defendant, or possession of assets belonging to him.

5. The admission of a garnishee to warrant judgment against him, should be such as to leave no doubt of the nature and extent of this indebtedness.

November 4th 1868. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., absent.

Error to the Court of Common Pleas of *Allegheny county*: No. 36, to October and November Term 1868.

This was an attachment-execution by Joseph Meyer & Brother on a judgment in their favor against John Kerwin, in which The Allegheny Savings Bank was the garnishee.

[Allegheny Savings Bank *v.* Meyer.]

The 2d and 3d interrogatories to the garnishee were as follows:

" 2. Have you had commercial or other transactions with the said John Kerwin? If yea, what was the state of your accounts with the said John Kerwin on the 25th day of May 1867? Annex a copy of each account to your answer hereto.

" 3. Was there, or was there not, a balance in your hands in favor of the said John Kerwin on the 25th day of May 1867, or at any time since, up to the time of your answering these interrogatories? If yea, state the amount particularly."

J. W. Riddle, the cashier of the bank, answered:—

" To the second interrogatory I answer that John Kerwin kept an account in the Allegheny Savings Bank, and on the 25th day of May 1867, there was a balance to his credit of $762.10.

" To the 3d interrogatory I answer yes, there was a balance of $762.10 in his favor on the 25th day of May 1867; and on the 27th day of May 1867, he deposited money and checks of other persons on different banks, amounting to $6421.20, and immediately drew a check in favor of A. Crane for $5328, which was paid, and which left a balance to his credit when the attachment was served of $1855.30. In the deposit of $6421.20 was a check of Hugh Richardson on the Union National Bank of Pittsburg for $2500, payable to John Kerwin or bearer, which was protested for non-payment, and which remains in our possession unpaid to-day, which leaves John Kerwin indebted to this bank $644.70 until Richardson's check is paid."

He attached to his answers a copy of the account of Kerwin with the bank, commencing March 26th 1867, when it appeared that it had been settled, and a balance carried to his credit. On the 27th of May he was credited with " cash $6421.20," and on the same day charged with " check $5328." These were the last entries on either side of the account. The balance was struck June 21st 1867, by which, as appeared by the account, there were due to Kerwin $1855.30.

The court entered judgment against the garnishee on their answers for " $1855.30, with interest from the 27th day of May 1867, to wit, $1921.58."

The garnishee took a writ of error, and assigned for error that the court erred in entering judgment against the garnishee and in entering judgment for $1921.38.

*A. M. Brown*, for plaintiff in error, cited as to interest Jackson *v.* Lloyd, 8 Wright 82; Mackey *v.* Hodgson, 9 Barr 468.

*S. Schoyer, Jr.*, and *J. S. Koethen*, for defendants in error.

The opinion of the court was delivered, November 16th 1868, by WILLIAMS, J.—The Allegheny Savings Bank, plaintiff in error,

[Allegheny Savings Bank *v.* Meyer.]

was summoned as garnishee of John Kerwin in an attachment execution issued on a judgment against him at the suit of Joseph Meyer & Bro., the defendants in error. The writ was executed May 27th 1867, and the bank having answered the interrogatories filed by the plaintiffs in the attachment execution, the court below, on the 3d January 1868, ordered that judgment be entered against the bank for the sum of $1855.30, with interest from the 27th May 1867, to wit, $1921.58, to be levied of the debt due by the bank to John Kerwin. The entry of this judgment is assigned for error.

Were the plaintiffs in the attachment execution entitled to a judgment against the bank on its answer to their interrogatories?

The bank, if indebted to Kerwin, was not liable for interest on the amount of its indebtedness between the date of the service of the writ and the entry of the judgment. This point was expressly ruled in Irwin *v.* The Pittsburg & Connellsville Railroad Co., 7 Wright 488; and it was there held that a garnishee in an attachment execution is not liable for interest on the money in his hands due the defendant thereon, while the action is pending. So far, therefore, as the judgment in this case includes interest on the principal sum, for which it is entered, it is clearly erroneous. But this is not the main question raised by the assignment of error.

Was there such an admission of indebtedness to Kerwin by the bank as to warrant the entry of a judgment for the principal sum included therein?

It is true that the account annexed to the answer shows that on the 27th of May 1867, the date of the service of the attachment execution, there was a balance against the bank in favor of Kerwin amounting to $1855.30. But this account must be taken in connection with the cashier's answer. In his answer to the 3d interrogatory he says:

"There was a balance of $762.10 in his (Kerwin's) favor on the 25th day of May 1867; and on the 27th day of May 1867 he deposited money and checks of other persons, on different banks, amounting to $6421.20, and immediately drew a check in favor of A. Crane for $5328, which was paid; and which left a balance to his credit when the attachment was served of $1855.30."

If the answer had stopped here the judgment, so far as it is for this balance, would have been clearly right. But the answer proceeds as follows:

"In the deposit of $6421.20 was a check of Hugh Richardson, on the Union National Bank of Pittsburg, for $2500, payable to John Kerwin or bearer, which was protested for non-payment, and which remains in our possession unpaid to-day, which leaves John Kerwin indebted to this bank $644.70, until Richardson's check is paid."

Now, taking the whole answer together, and giving it a reason-

able construction, does it admit or show an indebtedness by the bank to Kerwin of $1855.30, the principal sum for which judgment was entered? On the contrary, does it not allege an indebtedness of Kerwin to the bank of $644.70 in consequence of the non-payment of Richardson's check? But it is contended that because Richardson's check is credited in the account as cash, the presumption is that it was taken and received by the bank as cash. But is not this presumption met and rebutted by the answer? If Richardson's check was taken and received as cash, the fact that it was protested for non-payment and still remains in the possession of the bank unpaid, would not leave Kerwin indebted to the bank in the sum of $644.70, as alleged in the answer; and in this respect the answer would not be true. There may have been an agreement between the bank and Kerwin that all checks deposited by him and credited in his account as cash, if not paid on presentation, should be made good by him; or he may have endorsed Richardson's check, and, in either event, its protest for non-payment on presentation, and its remaining in the possession of the bank unpaid at the date of the answer, would leave Kerwin indebted to the bank as stated by the cashier. As his answer was drawn up without the advice or assistance of counsel, he may have unwittingly omitted to state the facts upon which Kerwin's liability for the check, and the bank's right to set it off against the balance appearing in his favor, depend. If Richardson's check was received absolutely as cash, without endorsement by Kerwin, and without any agreement on his part to make it good, if not paid on presentation, the cashier could hardly have supposed that its non-payment would render him liable therefor, and entitle the bank to charge him therewith. A garnishee's answer is not to be construed with the same strictness as a defendant's affidavit of defence. A defendant, under our affidavit system, is bound to set forth every fact material and necessary to his defence; and every fact, not distinctly and positively averred, is presumed not to exist. The affidavit must show primâ facie that the defendant has a good defence to the action, otherwise judgment will be entered against him. But a garnishee is not bound to set forth "specifically and at length the nature and character of his defence" to the attachment. He is only required to answer the interrogatories that may be submitted to him. And judgment will not be entered against him on his answer, unless he expressly or impliedly admits his indebtedness to, or his possession of, assets belonging to the judgment-debtor; and the admission ought to be of such a character as to leave no doubt in regard to its nature and extent.

We are of the opinion that the answer in this case does not contain such a clear and distinct admission of indebtedness by the bank to Kerwin as would warrant the entry of a judgment

[Allegheny Savings Bank *v.* Meyer.]

against it for the balance appearing in his favor on the face of the account, and the judgment of the court below must, therefore, be reversed.

Judgment reversed, and *procedendo* awarded.