## McGeary *v.* Huff, Appellant.

*Attachment execution—Answers of garnishee—Judgment.*

It is a rule of practice of the court, intended for the protection of garnishees against the claims of those whose funds or effects they have in hand, never to render a judgment against them upon answers filed, unless those answers contain either a distinct admission of funds in possession, or of such facts as leave the possession of such funds a mere inference of law.

An answer of a bank summoned as a garnishee in an attachment execution is sufficient to prevent judgment, if it discloses that the bank has in its possession certain moneys deposited by the defendant, and standing in an account to his credit, but declares in terms that the garnishee is unable to state whether this money belonged to the defendant or to other persons, the garnishee having been expressly notified that the money did, in fact, belong to other persons and not to the defendant.

*Attachment execution—Judgment—Appeals—Right of defendant to appeal.*

Where an attachment execution has been served both upon the defendant and the garnishee, and both appear, and judgment has been entered against the garnishee on answers held to be insufficient, the defendant may maintain an appeal from the judgment, although he filed no plea, eo. nomine, but simply a petition asking the dissolution of the attachment on the ground that the money covered by the attachment did not belong to him, but belonged to other persons.

Argued April 10, 1906. Appeal, No. 43, April T., 1906, by defendant, from order of C. P. No. 3, Allegheny Co., Nov. T., 1903, No. 41, making absolute rule for judgment against garnishee in case of George H. McGeary v. Charles C. Huff. Before RICE, P. J., PORTER, HENDERSON, MORRISON and HEAD, JJ. Reversed.

Attachment execution against a trust company.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment against the garnishee.

*Smith & Kearns*, for appellant.—Where the garnishee admits funds in his hands sufficient to satisfy the plaintiff's claim and the defendant appears and files an affidavit averring facts sufficient in themselves to prevent the entry of judgment against the garnishee, judgment should not be so entered: Haupt v. O'Mally, 2 Leg. Rec. 386; Cunningham v. O'Keefe, 3 Pa. C. C. Rep. 471; Jones v. Jones, 9 Luz. L. R. 195; Kistler v. Thompson, 3 Lack. Jur. 341.

A garnishee's answers to interrogatories are not to be construed with the same strictness as an affidavit of defense, and judgment cannot be entered against him on the answer unless they contain an absolute and distinct admission of indebtedness: Allegheny Savings Bank v. Meyer, 59 Pa. 361; Stone v. Rohner, 7 Pa. Dist. Rep. 313; Sheetz v. Leech, 2 W. N. C. 291.

*W. L. McConegly*, for appellee, cited: Schempp v. Fry, 165 Pa. 510.

OPINION BY HEAD, J., October 5, 1906:

The appellee, having obtained a judgment against the appellant, issued an attachment execution thereon with notice to the Monongahela Trust Company of Homestead as garnishee. The defendant being a resident of the county in which the writ issued, it was served on him, as well as on the garnishee, and both appeared.

To the interrogatories filed by the plaintiff, the garnishee originally answered admitting in its hands the sum of $610.14 belonging to the defendant. This admission was plain, clear, and without any qualification, and would have undoubtedly supported a judgment in favor of the plaintiff and against the garnishee on its answer. Before any such judgment was taken or applied for, a notice was served on the garnishee, that the money in its possession, which had been deposited by the defendant, did not belong to him, the said defendant, but was part of the individual pay of Company B, 18th Regiment, N. G. P., of which company the defendant was captain, and warning the garnishee " that if you pay the sum, or any part thereof, you

will do so at your own risk." Thereupon the garnishee filed its petition setting forth the information it had received since its original answer was filed, and praying for leave to amend the said answer so as to read as follows: " At the time the attachment was served there was, and there still is at the present time, in our hands a balance of $610.14 standing to the credit of the defendant, Charles C. Huff, and from information which has come to the Monongahela Trust Company it is unable to state whether or not this sum of money is the personal property of the said defendant, Charles C. Huff; and further states that it has been notified by the defendant, Charles C. Huff, that the said sum so standing in the name of the said Huff is not the money of Huff, but is the money of some other person or persons." Leave to amend the answer in accordance with the prayer of the petition was duly granted, and the answer so filed remains of record as the answer of the garnishee in the proceeding.

The rule to show cause why judgment should not be entered in favor of the plaintiff and against the garnishee was, after hearing, made absolute on June 3, 1905, and from the judgment thus entered this appeal is taken.

It has been well said that " Though the attachment execution is a proceeding of purely legislative origin, the legislation upon the subject is singularly incomplete, and the procedure, as a system, may be said to be due entirely to the plastic hand of judicial discretion."

In an early case, since frequently cited with approval, the district court of Philadelphia defined the proper practice on the hearing of rules for judgment against garnishees on answers in the following language: " It is a rule of practice of the court, intended for the protection of garnishees against the claims of those whose funds or effects they have in hand, never to render a judgment against them upon answers filed, unless those answers contain either a distinct admission of funds in possession, or of such facts as leave the possession of such funds a mere inference of law."

In Allegheny Savings Bank v. Meyer, 59 Pa. 361, Mr. Justice WILLIAMS, speaking for the court, thus announces the same rule of practice: " A garnishee's answer is not to be construed with the same strictness as a defendant's affidavit of defense,

A garnishee is not bound to set forth 'specifically and at length, the nature and character of his defense' to the attachment. He is only required to answer the interrogatories that may be submitted to him. A judgment will not be entered against him on his answer unless he expressly or impliedly admits his indebtedness to, or his possession of, assets belonging to the judgment debtor; and the admission ought to be of such a character as to leave no doubt in regard to its nature and extent."

The reason for the adoption of such a rule is apparent when we come to further consider that, if the plaintiff regard the answer of the garnishee as in any way evasive or lacking in the detailed information which an answer in good faith ought to furnish, he may, upon exceptions filed to such answer, procure an order that the garnishee answer further. On the other hand, if he be not satisfied with the truth of the answer as made, he may take issue with the garnishee on the questions of fact raised and go to trial. Have we then, in the amended answer of the garnishee, such a clear, unequivocal admission of assets in its hands belonging to the defendant, as would warrant the court, keeping in view the rule already laid down, entering judgment against it on such answer? We can hardly think so. The answer discloses that the garnishee, a bank, has in its possession certain moneys deposited by the defendant and standing in an account to his credit. If this were all, it might be considered that the further fact, that such money belonged to the defendant, was implied. But the answer goes on to repudiate any such implication by declaring in terms that the garnishee was unable to state whether this money belonged to the defendant or to other persons, it having been expressly notified that it did, in fact, belong to other persons and not to the defendant. How then can it be fairly argued that we have anything like a clear admission that it has assets of the defendant in its hands?

In Lancaster County Bank v. Gross, 50 Pa. 224, the proper rule to be observed in such a case, where doubt as to the ownership of the fund in the hands of the garnishee has been raised and where the latter is entitled to protection against the payment of such money to the wrong person, is thus stated by the court: " In such a case the court cannot go outside of the an-

swers or receive extraneous proof to qualify or contradict. The admissions, like a special verdict, form the exclusive foundation of the judgment. If the facts stated appear to be insufficient to entitle the plaintiff to a judgment, the court refuse judgment and discharge the rule, leaving the plaintiff at liberty to rule the garnishees to plead to issue and to proceed to trial;" and because in that case it appeared that there was a claimant to the fund other than the defendant, the judgment by the court below was reversed and the cause was directed to proceed to issue and trial.

In Bell v. Binding and Mailing Co., 10 Pa. Superior Ct. 38, the rule is again declared by W. D. PORTER, J., speaking for the court, thus : " Upon the answer this judgment must stand if it is to be sustained. If the facts stated in the answer are not sufficient to entitle the plaintiff to the judgment entered, then the entry was erroneous ;." and then going on to quote from and cite with approval the case of Lancaster County Bank v. Gross, 50 Pa. 224.

In Importers & Traders' Bank v. Lyons, 195 Pa. 479, the garnishee answered that he had certain moneys in his hands which, as he believed, were truly the moneys of the defendant, but that claim to the said moneys had been made by another, which claim the garnishee did not believe to be well founded, but desired to be protected against. The Supreme Court, by Mr. Justice BROWN, reversing the court below, where judgment had been entered in favor of the plaintiff and against the garnishee upon his answer, said : " The answer of the garnishee, which we have quoted, that another claimed the moneys in his hands and that he was exposed to the danger which he set forth, if judgment should be entered against him in the attachment execution, was sufficient for refusing the same. He was a mere stakeholder of the moneys in his hands and was not bound to determine, at his peril, to whom it should be paid : Lancaster County Bank v. Gross, 50 Pa. 224. He was entitled to the protection of the court, and a judgment should not have been rendered against him, when there was a doubt as to the defendant's title to the fund attached." In the present case, just as plainly, the garnishee sets up the doubt that existed as to the true ownership of the money in its hands. It is true it did not formally ask the court to protect it against the danger

of paying to the wrong person, under such circumstances, but it did state the fact, from which the necessity for such protection became manifest, and we think it was the duty of the court below, acting in harmony with the cases already cited, and others, to have extended such protection by refusing to enter judgment for the plaintiff and directing the cause to proceed according to law. The judgment must, therefore, be reversed, unless it appear that the present appellant is without standing, and this question we will consider briefly. This appeal is not taken by the garnishee. With the entry of judgment against it, it has rested and taken no further action. This appeal is taken by the defendant. Has he such standing in this proceeding as entitles him to appeal from the judgment entered against the garnishee, or is he to be relegated to any remedy he might have against the garnishee, if the latter permitted an erroneous judgment to stand against it without taking an appeal?

In Wachter's Case, 1 Walker's Reports, 267, we note the following in a per curiam opinion on page 274: " This writ of error was prosecuted by the defendant below and not by the garnishee, and if there was an error in entering judgment upon the answers it is not for the defendant to take advantage of it." This case is so poorly reported that it is extremely difficult to ascertain the exact point of the decision. Three separate opinions of the Supreme Court are reported, covering various phases of what is all put together as one case, and great confusion results. It does not seem to us, as the law now stands, that the Supreme Court would hold that the defendant is so lacking in interest in such a proceeding that he cannot be heard upon an appeal. Where the defendant is a resident of the county in which the writ issues, the act of assembly requires that it be served on him. This, manifestly, is for the purpose of giving him a day in court to be heard. In many cases it has been held that he has the right to plead such matters as would destroy the plaintiff's right to have a judgment, and, if such plea be entered, it must be disposed of in due course as the nature and character of the plea would require. But if the garnishee, by its answer, sets forth what would constitute a bar to the judgment sought, why may not the defendant rely upon such answer? He is a necessary party to the proceeding. He is greatly interested in the correctness of any judgment

that may be entered, because, if properly entered against the garnishee, the payment of that judgment becomes an extinguishment of the debt, due to the defendant from the garnishee, to the extent of such payment.

In Jones v. Tracy, 75 Pa. 417, Tracy issued an attachment execution in which Jones was defendant and Solomon was garnishee; both were served. The defendant claimed the benefit of his exemption. Judgment was entered against the garnishee by default for want of an appearance, which has been held to be the equivalent of an admission, by the garnishee, of funds in his hands belonging to the defendant, sufficient to satisfy the judgment. After judgment a fieri facias was issued against the garnishee, who thereupon paid the amount of the writ to the sheriff. The money, having been paid into court by the sheriff, was claimed by the defendant; but his claim was denied and the money awarded to the plaintiff. The defendant appealed and the judgment was reversed with a procedendo so that the court below might see that no injustice was done if the default of the garnishee had arisen from any misconception of his duty.

In Bletz v. Haldeman, 26 Pa. 403, which was an attachment execution begun by Bletz against Haldeman, with notice to Kaufman and Price as garnishees, the defendant, prior to judgment against the garnishees, had executed an assignment for the benefit of his creditors. His assignee appeared before the justice of the peace, before whom the proceedings had begun, and defended, and after judgment, appealed to the court of common pleas. That court struck off the appeal. The Supreme Court reversed that order saying, the assignee, " although not a party to the record, was the real party in interest."

In Rozelle v. Rhodes, 116 Pa. 129, the defendant filed a plea and the garnishee answered, but the plaintiff demurred to the plea and the court sustained the demurrer and then entered judgment against the garnishee on his answer. The defendant then took an appeal. The Supreme Court, in a careful opinion, affirmed the judgment of the court below on its merits, but no question seems to have been raised as to the right of the defendant to take an appeal. It is true in that case a formal plea was filed by the defendant. In the present case the defendant filed no plea, eo nomine, but filed a petition asking the dis-

solution of the attachment on the ground that the money covered by the attachment did not belong to him, but belonged to other persons. · If setting forth such facts in the form of a plea would have given the defendant standing to take an appeal, after his plea had been demurred to and judgment had gone against him on the demurrer, we can see no substantial reason why his interest in the case is any the less, or why, in the absence of any statutory enactment to the contrary, he should not now be permitted to be heard. We think, therefore, that the defendant has such an interest in the present proceeding that, being already a party on the record, made so by the provisions of the act of assembly, he can maintain this appeal, and, having already concluded that the court below was not warranted in entering judgment against the garnishee upon its answer, it follows that the judgment must be reversed.

Judgment reversed and a procedendo awarded. ·