## Dunn *v.* Brown et al., Appellant.

*Attachment execution—Answers of garnishes—Amount admitted to be due—Other sums received by garnishee as agent—Judgment.*

On a rule for judgment on the answers in an attachment execution issued against the defendant as garnishee, judgment can only be entered in the amount admitted to be due in the answers to the interrogatories.

In such case statements that other sums have been received as agent for a building association are not such items of indebtedness as would support a judgment against the garnishee.

The garnishee is not bound to set forth specifically at length the nature and cause of his defense to an attachment. He is only required to answer the interrogatories, and unless he expressly or impliedly admits his indebtedness or his possession of assets belonging to the defendant, he is not subject to judgment on the answer. There must be a clear admission of the indebtedness to warrant such judgment. The proceeding through interrogatories is a preliminary inquiry and is only effective where admissions are obtained which will support such judgment. If the answers are not deemed sufficiently distinct or responsive the plaintiff has a remedy by exception or demurrer.

It appearing from the garnishee's answer that he was acting in behalf of a building and loan association in receiving money and paying it into the association, the inquiry as to his authority to act in that capacity is a question of fact properly referable to a jury.

Argued October 21, 1926. Appeal No. 249, October T., 1926, by garnishee from judgment of Municipal Court, Philadelphia County, September T., 1925, No.

234, in the case of Joseph Dunn v. Mary C. Brown, defendant- and Samuel A. Belsito, garnishee. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed.

Attachment execution. Before Knowles and Glass, JJ.

Rule for judgment against garnishee for amount admitted in the answer.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Rodney T. Bonsall,* for appellant.—Judgment cannot be entered against a garnishee unless he expressly and impliedly admits his indebtedness. There must be a distinct admission of liability: Franklin Sugar Refining Co. v. Howell, 274 Pa. 190; McCallum v. Morris, defendant, Lockhart, Garnishee, 179 Pa. 427; Wanamaker & Brown v. Muldoon, 47 Pa. Superior Ct. 114; Lane's Appeal, 105 Pa. 49.

*John P. Boland,* for appellee.

Opinion by Henderson, J., December 10, 1926:

The plaintiff having obtained a judgment against the defendant, caused an attachment execution to be issued which was served on Belsito as garnishee. Interrogatories to the garnishee were filed, to which the latter made answer admitting the possession of $311.16 belonging to the defendant, but denying that he was indebted to the defendant in any other amount. He stated, however, in the same connection, in response to the third interrogatory, that since the writ was

served on him the defendant had paid to him as one of the conveyancers of the First National Building and Loan Association the sum of $262.50 in monthly instalments of $52.50 each, in payment of the dues to the said building and loan association, which payments were made to him in his capacity as conveyancer and were forthwith paid to the said building and loan association. He admitted the payment to him by the defendant also of $37.50 in behalf of the said building and loan association to be applied on taxes and water rent. On a rule for judgment against the garnishee on his answer, the court made the rule absolute, on the ground that there was nothing in the answer to indicate whether he was the person authorized to receive dues for the building association and if he was so authorized the authority does not appear anywhere in the answer to the interrogatories; that the averment that he is a conveyancer was a mere conclusion not predicated on any facts. In thus disposing of the case, the court seems to have been influenced by the practice with respect to the sufficiency of affidavits of defense, but a garnishee's answer is not to be viewed with the same strictness as an affidavit of defense. A defendant is required to set forth the material facts necessary to his defense and must make it appear that he has a good defense to the action. A garnishee, however, is not bound to set forth specifically and at length the nature and cause of his defense to the attachment. He is only required to answer the interrogatories, and unless he expressly or impliedly admits his indebtedness or his possession of assets belonging to the defendant, he is not subject to judgment on the answers. There must be a clear admission of indebtedness to warrant such judgment. The proceeding through interrogatories is a preliminary inquiry and is only effective where admissions are obtained from the garnishee which will support a judgment.

If the answers are not deemed sufficiently distinct or responsive the plaintiff has a remedy by exception or demurrer: Bank v. Meyer, 59 Pa. 361; McCallum v. Lockhart, 179 Pa. 427; Hagy v. Hardin, 186 Pa. 430; Wanamaker & Brown v. Muldoon, 47 Pa. Superior Ct. 114. It appearing from the appellant's answer that he was acting in behalf of the building and loan association in receiving the money and paying it to the association, the inquiry as to his authority to act in that capacity is a question of fact properly referable to a jury. He has stated under oath that no money came into his hands as the property of the defendant, but that the amount stated was received by him as the agent or representative of the building and loan association and delivered to it. This is not a distinct admission of indebtedness, nor does his liability so clearly appear by inference as to create liability without doubt. With respect, therefore, to the amount in excess of the sum of $311.16 admitted to be due, the judgment was erroneously entered and the responsibility of the garnishee as to that amount should be determined at a trial in accordance with the practice in such cases.

The judgment is reversed and the record remitted to the court below for further proceedings in conformity with the statute.