## The Landis Machine Company v. D'Amico et al.

*W. C. Devitt*, for plaintiff.

*John J. Moran* and *James J. Gallagher*, for defendants.

*M. A. Kilker*, for garnishee.

HOUCK, J., December 15, 1930. — Plaintiff, having obtained a judgment against Dominick D'Amico, issued an attachment execution thereon with notice to The John Mitchel Life Insurance Company as garnishee. Interrogatories were served on the garnishee and answers filed. Plaintiff has filed exceptions to the second, third, fourth and fifth answers, on the ground that they are not specific, full, direct and responsive.

The second interrogatory inquires whether the garnishee has any commercial or other transactions with the defendant; and, if so, the state of their account on October 1, 1930, with directions to annex a copy of the account as it stood on that day. The answer is: "A settlement had been agreed upon with him in the sum of six hundred ($600) dollars, in a suit under a policy of insurance on the life of Annunzio Grimaldi, in which he was named as the beneficiary." The third interrogatory is whether there was a balance in the hands of the garnishee in favor of defendant on October 1, 1930, or at any time since, with directions to state the amount particularly. The answer is: "No." The fourth interrogatory inquires whether the garnishee had in its possession any money or goods of any nature belonging to defendant on October 1, 1930, or any time since, with directions to state the nature, quality and value of said goods or money. The answer is: "No." The fifth interrogatory is whether the garnishee was indebted to defendant in some way on October 1, 1930, with directions to state in what way and in what amount. The answer is: "We had been indebted to him on the settlement agreed upon as answered in paragraph two of this answer."

An inspection of the interrogatories and the answers discloses that the matters inquired of are left in doubt. It is impossible to understand the

answers in the absence of explanation. This explanation was forthcoming when the exceptions were argued. Counsel for the garnishee says in his brief that the answers amount to the following: "That The John Mitchel Mutual Life Insurance Company, garnishee, is indebted to D'Amico in the sum of six hundred ($600) dollars, under an agreement in the suit under a policy of insurance on the life of Annunzio Grimaldi. This is a clear and specific answer stating the fact that the indebtedness arises out of an agreement in a lawsuit on a life insurance policy. With reference to the having money or effects in the hands of the garnishee payable to D'Amico, the answers to the interrogatories indicate that there is no money or effects in the hands of the garnishee belonging to D'Amico. This simply means that an indebtedness is acknowledged under an agreement in a lawsuit [but] that there is no money in the hands of the garnishee with which to pay it." If these facts were stated unequivocally in the answers, no complaint could be made. The difficulty is that the facts as stated in the brief are not unequivocally stated in the answers.

A plaintiff who has issued an attachment against a garnishee is entitled to know by proper answers whether or not any agreement for the settlement of a claim, by the defendant against the garnishee, had been reached and entered into between the parties named before the service of the writ of attachment, and, if so, the circumstances surrounding and involved in the making and acceptance of such compromise agreement, with its terms, present status and the amount due thereunder at the time of such service, so that the legal question as to the liability or nonliability to attachment can be determined: Shoemaker et al. v. Fegley et al., 14 Dist. R. 850. The answers in this case might be interpreted as meaning that the suit by defendant against the garnishee was compromised, but that the amount agreed upon was paid. It is apparent, however, from the admissions of counsel that this is not the fact. The indebtedness still exists; it has not been discharged, but the garnishee is without funds to pay the claim. These facts should be stated in the answers. When they are stated, then the question of the garnishee's liability may be determined. A judgment will not be entered against the garnishee on his answer, unless he expressly or impliedly admits his indebtedness to, or his possession of assets belonging to, the judgment debtor; and the admission ought to be of such a character as to leave no doubt in regard to its nature and extent: Allegheny Savings Bank v. Meyer, 59 Pa. 361. The reason for the rule is apparent. The admissions, like a special verdict, form the exclusive foundation of the judgment: Bell v. Phila. Binding and Mailing Co. et al., 10 Pa. Superior Ct. 38, 41. Hence, the garnishee is obliged to set out in his answer the real facts concerning the indebtedness, because the court cannot go outside of the answer in determining whether judgment is to be entered or not. We conclude, therefore, that the answers are not sufficiently specific and that plaintiff is entitled to more specific answers.

The garnishee contends that the practice pursued by plaintiff is improper. It claims that plaintiff should have taken a rule for more specific answers. This contention is untenable. The plaintiff is not asking for judgment on the answers, and the cases cited by the garnishee dealing with that situation are not applicable. However, the cases relied on by the garnishee indicate that the proper practice is to file exceptions where the answers are insufficient, and "for insufficient answer the plaintiff may except or demur:" McCallum v. Lockhart, 179 Pa. 427, 429. The rule is comprehensively stated in McGeary v. Huff, 31 Pa. Superior Ct. 401, 404, as follows: "If the plaintiff regard the answer of the garnishee as in any way evasive or lacking in the detailed

information which an answer in good faith ought to furnish, he may, upon exceptions filed to such answer, procure an order that the garnishee answer further. On the other hand, if he be not satisfied with the truth of the answer as made, he may take issue with the garnishee on the questions of fact raised and go to trial." The plaintiff does not question the truth of the answers as given, neither does it ask for judgment against the garnishee. All that it is seeking is a full and specific answer to the interrogatories. Where that is the thing sought, the proper practice is to except to the answers: Biddle v. Gaffney et al., 12 W. N. C. 534; Case v. McDaniel, 7 Pa. C. C. 192; Shoemaker et al. v. Fegley et al., supra. Since the answers are not sufficient, the exceptions thereto must be sustained.

And now, December 15, 1930, plaintiff's exceptions to the answers filed by the garnishee are sustained, and the garnishee is directed to file new answers within fifteen days from this date.

From M. M. Burke, Shenandoah, Pa.