## Schwartz v. Schwartz et al. No. 2

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Barnet Lieberman,* for execution creditor.

*Croskey & Edwards,* for defendant.

*Leonard Orloff,* for garnishee.

LADNER, J., November 7, 1941.—This matter came before the court on a petition by the garnishees for leave to pay money into court.

There is no dispute of the facts which, from the petition, answer and record, we find as follows: Charles Schwartz, the attaching creditor, obtained a decree in this court requiring his mother, Theresa Schwartz (accountant), to pay him the sum of $7,282.01 (see Schwartz's Estate, 35 D. & C. 386, aff. 337 Pa. 143, and adjudication of Ladner, J., October 30, 1940). This sum remaining unpaid, the attaching creditor under section 18(*a*)4 of the Orphans' Court Act of June 7, 1917, P. L. 363, 20 PS §2375, caused to be issued out of this court an attachment execution summoning Philip Salonic and Sarah, his wife, as garnishees. Interrogatories were subsequently filed and the answer thereto avers that the garnishees are owners of 4838 North Warnock Street, against which there is a mortgage of $3,000 of which mortgage, say the garnishees, "We understand Theresa Schwartz, the defendant

above named, is owner." No interest thereon was due or unpaid at the date of the service of the writ nor at the time the answer was filed, but it is stated that the semi-annual payment of $75 would be due June 6, 1941. It is also averred that the garnishees are not obligors in the bond accompanying the mortgage.

Subsequently, July 3, 1941, the garnishees presented the petition now before us, upon which a citation was awarded against the attaching creditor and defendant to show cause why the garnishee should not have leave to pay the $75 interest (which had then become due), less attorney's fees and costs, into court.

Though the issuance of writs of attachment execution is infrequent in this court, there should be no difficulty in understanding the practice relating thereto. The procedure is governed by the Attachment Act of June 16, 1836, P. L. 755, and its supplements applicable to such writs issued out of this court by the Act of March 27, 1873, P. L. 49, sec. 1, 20 PS §2371, saved from repeal by the Orphans' Court Act (see Commissioners' Report, p. 411), while the practice is provided for by section 18(a)4 of the Orphans' Court Act of June 7, 1917, 20 PS §2375. This, in effect, prescribes the practice of the common pleas courts as the practice to be followed in this court as to such writs.

The practice in the common pleas courts has been well settled by many decisions and recently restated by Mr. Justice Linn in Collins v. O'Donnell et al., 325 Pa. 366. Ordinarily, if the garnishee clearly admits his indebtedness to the judgment defendant, the attaching creditor will be awarded judgment up to the extent of the moneys in the garnishee's hands, less costs and attorney's fees, if required to satisfy his claim. Where, however, the garnishee denies liability to defendant or shows a defense available against such defendant, the attaching creditor may rule him to plead and go to trial on the issue thus raised. The garnishee is recognized to be an innocent party to the transaction, and

when he answers fully and frankly he is to be given the full protection of the court. His answers are not to be construed with the same strictness as an affidavit of defense: McCallum et al. v. Morris et al., 179 Pa. 427. But when answers are evasive, or equivocal, the attaching creditor may by filing exceptions require specific answers clearly admitting or denying the debt: Dunn v. Brown et al., 89 Pa. Superior Ct. 370.

The procedure thus outlined is usually sufficient to fix the rights of the respective parties concerned, but occasionally situations arise in which the garnishee is confronted with conflicting claimants to the fund in his hands, or indebtedness due by him, and in such cases cannot, with safety to himself, admit or deny the liability to defendant. When that situation arises, in order to protect the garnishee, the practice has arisen of permitting him to pay the money into court, and thereby have the various contenders establish their right and the court determine the party entitled to the fund: Singerly's Execs. v. Woodward, 8 W. N. C. 339. The following are illustrations of circumstances which have moved the courts to grant such relief: Stockham v. Pancoast, 1 Dist. R. 135, where the garnishee was put on notice that the attaching creditor's judgment was a fraud on creditors; Wasserman v. Bank, etc., 3 W. N. C. 475, where two attachments were issued simultaneously; Fuller v. Bleim, 9 W. N. C. 574, where conflicting claims were pressed by attaching and execution creditors of the same defendant; Rodgers et al. v. Santa Claus Co., Ltd., et al., 27 W. N. C. 574, where a defendant's assignee claimed priority over the attaching creditor; Wright v. McGarry, 2 Chester 467, where the conflict arose between a landlord under a distress warrant and an attaching creditor. In all these cases it is to be observed that the garnishee was confronted with conflicting claimants to a fund in which he had no interest. We entertain no doubt of our power under such or other proper circumstances to permit payment

into court: Singerly's Execs. v. Woodward, supra. We do not think, however, that the garnishees have pleaded any matter which brings them within the protection of this rule.

Their petition, after reciting in substance that the attachment was served April 23, 1941; interrogatories filed May 9, 1941; answered by them May 19, 1941, and that since then a half-yearly payment of $75 for interest became due, plead that they (garnishees) do not know to whom to pay that sum and then aver:

"Your petitioner has also been advised that there has been some dispute regarding the ownership of the first mortgage, and your petitioner does not know whether or not the defendant is the sole owner of said mortgage."

No contending claimant is named; the source of the alleged information or the nature of the alleged dispute is not disclosed. Nothing is stated from which the court could determine that the garnishees are in any peril if they were unequivocally to admit the payment due is payable to defendant.

The law is well settled that payments due on a mortgage may be safely made to mortgagees until actual notice of an assignment has been given: O'Maley v. Pugliese, 272 Pa. 356, 359. Nor is a mortgagor required to search the records for possible assignment by the mortgagee every time his interest falls due: Foster v. Carson et ux., 159 Pa. 477. Therefore, until the garnishees are notified to the contrary, they have a right to assume that the mortgagee is still the owner of the mortgage with the right to receive all payments thereunder. If on the other hand such notice has been in fact given to the garnishees, then their petition is fatally defective for not so pleading fully and specifically.

Under the record as it now stands, the attachment binds all interest which accrues after the service of the writ even though not payable until a subsequent date:

Littlestown Savings Institution v. Corwell, 20 Pa. C. C. 145. Though the interest did not become due until after answers were filed to the interrogatories, the garnishee may file a further answer setting up that fact: Mullen v. Maguire, 10 Phila. 435; or the attaching creditor may compel further answer by filing supplemental interrogatories. If the supplemental answers are not specific, exceptions may be filed thereto. When specific answers are filed this court will, upon an appropriate rule for judgment in conformity to the practice of the common pleas court, enter such proper judgment in the circumstances as will adequately protect the garnishees in making future payments of interest as well as principal when the same becomes due and payable. This we have full power to do: Kase v. Kase, 34 Pa. 128; Littlestown Savings Institution v. Corwell, supra. If the principal of a mortgage is not paid when due, supplemental proceedings are available to the attaching creditor to enforce his right under the writ, as to which see Schmidheiser Building & Loan Assn. v. Paradise et al., 17 D. & C. 779.

When debts attached are not presently demandable, this fact will not prevent judgment against the garnishee, for the court possesses ample power to so mould the judgment as to conform to the terms of payment and to protect a garnishee's rights: Montanye v. Husted et al., 3 Luz. L. R. Rep. 325.

So far as the request for allowance of costs and counsel fees is concerned, the settled practice is to make no allowance until the case has been finally disposed of: Wanamaker, to use, v. Fitzpatrick, 10 Dist. R. 291; Hicks v. The People's Building & Loan Association of Geneva, N. Y., 12 Dist. R. 619. We will follow the usual practice of postponing allowance to garnishees for costs and counsel fees until final judgment is entered.

The garnishee's petition is refused.