470 A.2d 567

**Myroslow PODOLAK, Appellant,**

v.

**ARTISAN'S VALVE REPAIR, INC.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 1983.

Filed Dec. 16, 1983.

Reargument Denied Feb. 14, 1984.

---

Edwin P. Smith, Philadelphia, for appellant.

Eugene Arthur Steger, Jr., Kennett Square, for appellee.

Before BROSKY, CIRILLO and LIPEZ, JJ.

LIPEZ, Judge:

This is an action in equity by a stockholder against the directors of a corporation, alleging waste by the Board of Directors and seeking appointment of a receiver *pendente lite* and involuntary dissolution of the corporation. Myroslow Podolak, plaintiff below, now appeals from the lower court's order striking a default judgment entered in his favor against defendant Artisan's Valve Repair, Inc. We vacate the order of the lower court.

The lower court's order was based upon its conclusion that service of process on defendant, a Delaware corporation, was defective. Service was made in purported compliance with Pennsylvania Rule of Civil Procedure 2180(a)(2), by handing a certified copy of the complaint to a person in charge of defendant's office or usual place of business.

The sheriff's return indicated that the complaint was handed to an "adult male, refused to give name, the person at the time being in charge personally at their place of business, 2222 West 9th Street, Chester, Pa." The lower court held that service upon an unknown person in the office or place of business cannot effect valid service upon a foreign corporation, and therefore struck the default judgment. This was error.

■■■■ "It is axiomatic that a motion to strike will not be granted unless a fatal defect in the judgment appears on the face of the record. . . . If the record is self-sustaining, the judgment cannot be stricken." *Advance Building Services Co. v. F & M Schaefer Brewing Co.*, 252 Pa.Super. 579, 582, 384 A.2d 931, 932 (1978) (citations omitted). Here, the lower court apparently concluded that the indication in the sheriff's return that service had been made upon a person who refused to give his name was such a fatal defect.[1] We must disagree, for decisions of this court and of our supreme court make it clear that service upon an unidentified person is not necessarily defective service. *See Pincus v. Mutual Assurance Co.*, 457 Pa. 94, 321 A.2d 906 (1974) (service upon a corporation and two corporate trustees as individuals upheld where process was handed to a manager at the corporation's offices who refused to give his name); *American Vending Co. v. Brewington*, 289 Pa.Super. 25, 432 A.2d 1032 (1981) (service upon an individual

---

1. The lower court relied on *Myers v. Mooney Aircraft, Inc.*, 429 Pa. 177, 240 A.2d 505 (1967) in drawing this conclusion. In *Myers*, the supreme court held that, where a corporation has no office or place of business in the Commonwealth, service under Pa.R.C.P. 2180(a)(2) can be made only upon a person properly characterized as an *agent* of the corporation. Here, however, the defendant corporation has a registered office in the Commonwealth, and service was made in accordance with the alternative language of Rule 2180(a)(2) which allows service upon a *"person for the time being in charge of, and only at, any office or place of business of the corporation."* [Emphasis added]. We do not read the *Myers* court's strict application of the first part of Rule 2180(a)(2) as in any way limiting the validity of service in accordance with the second part of that rule where the existence of an office or place of business in the Commonwealth makes it available. The lower court's reliance on *Myers* as authority for striking. the default judgment entered in this case was thus misplaced.

upheld where process was handed to an adult female in charge of defendant's residence, who refused to give her name). Since in light of these cases, service of process cannot be found defective based on the face of the record, the default judgment entered against defendant could not properly be stricken.[2]

Defendant's motion, on which this court's order to strike was entered, asked that the default judgment be stricken or, in the alternative, opened. We have determined that the motion to strike should have been denied. Disposition of the motion to open, however, requires consideration of facts not yet developed in proceedings in the lower court. Accordingly, we remand for disposition of the motion to open.

Orders vacated and case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

**2.** In its brief, defendant also raises questions as to whether the person served was actually in charge of the place of business and as to whether the service made, even if nominally in compliance with Rule 2180(a)(2), gave constitutionally sufficient notice of the action to the foreign corporation. Such defects in service, if they exist, clearly do not appear on the face of the record and hence cannot serve as grounds for striking the judgment in this case. They may, however, be grounds for opening the default judgment if other requirements are met. *See Liquid Carbonic Corp. v. Cooper & Reese,* 272 Pa.Super.Ct. 462, 416 A.2d 549 (1982).