474 A.2d 1162

**Robert F. RUEHL, Trustee for Voest-Alpine International Corporation, Appellant,**

v.

**MAXWELL STEEL CO., INC. and Industrial Valley Bank and Trust Company, Garnishee, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 3, 1983.

Filed April 19, 1984.

Robert F. Ruehl, in propria persona.

Edward N. Kurland and Michael S. Lubline, Philadelphia, for Maxwell, appellee.

John D. Trainer, Doylestown, for Ind. Valley, appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

This matter comes to us on appeal from an order striking a judgment entered against a garnishee because of admissions contained in answers to interrogatories. For the reasons hereinafter set forth, we affirm the striking of that part of the judgment which exceeds $7,026.77.

Litigation between the Voest-Alpine International Corporation and Maxwell Steel Company was settled when Maxwell Steel executed and delivered to Voest-Alpine a judg-

ment note for $28,060.33. On November 7, 1980, after Maxwell Steel had defaulted in making payments required by the terms of the note, Voest-Alpine confessed judgment on the note for $19,386.69. On the same date, a writ of execution was issued, together with a set of interrogatories, and served on Industrial Valley Bank and Trust Co. (I.V.B.) as garnishee. I.V.B. caused timely answers to interrogatories to be filed which stated the following:

> At the time of service of the Writ, the defendants maintained with Garnishee a Regular Checking Account No. 883–457–1 in the name of Maxwell Steel Co., Inc., which had a collected balance of $2,869.12 and a current balance of $61,469.62.

There was also New Matter as follows:

> Since the time the Writ was served, a $20,000.00 Deposited Check was returned for the reason "Payment Stopped". A payment of $35,000.00 was set aside for a loan payment due from Maxwell Steel Co. Deposits of $167.15 and $390.00 were made on November 13 and 17 of 1980. The results of these transactions had left Account No. 883–457–1 with a collected balance of $7,026.77.

Voest-Alpine immediately filed a praecipe directing the prothonotary to enter judgment against I.V.B. for $19,470.24, the full amount of its judgment against Maxwell Steel plus interest and costs. On December 15, 1980, I.V.B. filed a petition to strike or open the judgment.[1] The court ordered the judgment stricken and, therefore, did not determine the petition to open the judgment.

1. On January 8, 1981, after judgment had been entered, I.V.B. filed amended answers and new matter in which it alleged that it had a prior security interest in the bank account of Maxwell Steel which entitled it to set off the balance in the account against a note held by the bank against Maxwell Steel. The amended answers, filed after judgment had been entered, did not affect the facial validity of the judgment at the time it was entered. See: *Linett v. Linett,* 434 Pa. 441, 445–446, 254 A.2d 7, 10 (1969); *Langman v. Metropolitan Acceptance Corp.,* 318 Pa.Super. 381, 384 n. 1, 465 A.2d 5, 7 n. 1 (1983); *Conti v. Shapiro, Eisenstat, etc.,* 293 Pa.Super. 301, 305 n. *, 439 A.2d 122, 124 n. * (1981); *Link v. House of Fulmer, Inc.,* 262 Pa.Super. 275, 278, 396 A.2d 752, 753 (1978).

 It is settled beyond peradventure that a petition to strike may be granted only for defects appearing on the face of the record. *Parliament Industries, Inc. v. William H. Vaughan & Co.*, 501 Pa. 1, 7, 459 A.2d 720, 724 (1983); *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 506, 288 A.2d 819, 821 (1972); *Podolak v. Artisan's Valve Repair, Inc.*, 323 Pa.Super. 232, 234, 470 A.2d 567 (1983); *Osttowski v. Smith*, 315 Pa.Super. 321, 324, 461 A.2d 1301, 1303 (1983). " 'If the record is self-sustaining, the judgment cannot be stricken.' " *Podolak v. Artisan's Valve Repair, Inc., supra*, 323 Pa.Super. at 232, 470 A.2d at 567, quoting *Advance Building Services Co. v. F & M Schaefer Brewing Co.*, 252 Pa.Super. 579, 582, 384 A.2d 931, 932 (1978). The unauthorized entry of a judgment by the prothonotary, however, renders a judgment void; and a judgment must be stricken if its defectiveness is apparent from the face of the record. See: *Jones v. Seymour*, 321 Pa.Super. 32, 35, 467 A.2d 878, 880 (1983), citing *Romberger v. Romberger*, 290 Pa. 454, 139 A. 159 (1927). It is apparent from the face of the record in the instant case that the prothonotary was not authorized to enter judgment for any amount in excess of $7,026.77.

 Authority to enter judgment against a garnishee based on admissions contained in Answers to interrogatories is established by Pa.R.C.P. 3146(b), which provides:

(b) The prothonotary, on praecipe of the plaintiff, shall enter judgment against the garnishee for the property of the defendant admitted in the answer to interrogatories to be in the garnishee's possession, subject to any right therein claimed by the garnishee, but no money judgment entered against the garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs. The entry of judgment shall not bar the right of the plaintiff to proceed against the garnishee as to any further property or to contest any right in the property claimed by the garnishee.

Admissions of a garnishee in answers to a judgment creditor's interrogatories will support the entry of a judgment

thereon "only in a clear case, where there is a distinct admission of liability by the garnishee to the defendant." *Bartram Building and Loan Association v. Eggleston,* 335 Pa. 42, 46, 6 A.2d 508, 510 (1939). Accord: *Hagy v. Hardin,* 186 Pa. 428, 430, 40 A. 804, 804 (1898); *McCallum v. Lockhart,* 179 Pa. 427, 429, 36 A. 231, 231–232 (1897); *Greco v. Rainal,* 134 Pa.Super. 99, 101, 4 A.2d 232, 233 (1939); *Stewart v. Stewart,* 132 Pa.Super. 290, 294, 200 A. 901, 903 (1938); *Edward G. Budd Building & Loan Association v. Kinsella,* 102 Pa.Super. 248, 257, 156 A. 577, 580 (1931); *Stern & Co. v. Harrod,* 90 Pa.Super. 327, 330 (1927); *Dunn v. Brown,* 89 Pa.Super. 370, 372 (1926); *Wanamaker & Brown v. Muldoon,* 47 Pa.Super. 114, 119 (1911); *McGeary v. Huff,* 31 Pa.Super. 401, 404 (1906). See: *Collins v. O'Donnell,* 325 Pa. 366, 191 A. 22 (1937); 3 P.L.E. Attachment § 27. In commenting upon this principle, Goodrich-Amram 2d § 3146(b):1.1 has observed:

> Certainly if there is any doubt regarding the garnishee's admission, the prothonotary cannot and should not enter judgment on the plaintiff's praecipe. *The prothonotary, who acts in this regard in a purely ministerial capacity, can enter judgment only if the answers are clear and unequivocal; to analyze or interpret the garnishee's answers would be in effect to exercise a judicial function, which is in excess of his powers.* The prothonotary should be guided by the usual practice in assumpsit actions. Conformity to that practice is in fact dictated by Rule 3145(a). In assumpsit, judgment on admissions in the pleadings—perhaps the closest analogue to judgment against the garnishee on the basis of admissions in his answer—cannot be entered unless some part of the plaintiff's claim is *"unequivocally and unqualifiedly admitted to be due by the defendant's answer."* (emphasis added) (footnotes omitted).

Where judgment against a garnishee is improperly entered on the basis of admissions in the garnishee's answers to interrogatories, the judgment may be stricken. 9 Goodrich-Amram 2d, § 3146(b):3, citing *Phillips v. Evans,* 164 Pa.Su-

per. 410, 65 A.2d 423 (1949). See: *Collins v. O'Donnell, supra* (where a defense on the merits is averred in the answers, judgment against the garnishee on the basis of those answers cannot be sustained). See also: *Hanchey v. Elliott Truck Brokerage Co.*, 421 Pa. 131, 218 A.2d 743 (1966). Where judgment has been entered for an amount in excess of the amount clearly admitted, the judgment may be stricken as to such excess. *Dunn v. Brown, supra.*

■ I.V.B.'s answers to Voest-Alpine's interrogatories admitted that the account of Maxwell Steel had in it a collected balance of $7,026.77. This was the only amount then subject to attachment. Although instruments having face amounts in excess of $7,026.77 had been deposited in the account, they had not been collected. Moreover, I.V.B. had set aside $35,000.00, against which it asserted a claim because of a loan previously made to its depositor. It seems clear, therefore, that the only amount admittedly being held by I.V.B. for Maxwell Steel was $7,026.77. The prothonotary had no authority to enter judgment against the garnishee for an amount in excess of that which had been admitted. To the extent that the prothonotary attempted to do so, the trial court properly caused the judgment to be stricken.

The Bank's petition to open judgment for $7,026.77 remains undecided. Under normal circumstances, the trial court, upon remand, would be able to consider and decide whether the judgment should be opened to permit the bank to assert a claim against the moneys in this account. The parties have stipulated, however, that Maxwell Steel filed a voluntary petition under the Bankruptcy Act on January 19, 1981. Appellee also suggests, although the record in this case does not confirm it, that the bankruptcy court, on or about January 15, 1982, set aside as preferential the judgment for $19,386.69 held by Voest-Alpine against Maxwell Steel. If this latter fact is correct, Voest-Alpine's attempted execution on the judgment will have been rendered moot. In any event, further proceedings in the state court have been stayed. It is now for the bankruptcy court to deter-

mine which party or parties are entitled to receive the moneys which were on deposit in the account maintained by Maxwell Steel of I.V.B. on the date when the bankruptcy petition was filed.

On the record presently before this Court, the judgment was properly stricken to the extent that the amount thereof exceeded $7,026.77. To that extent the order is affirmed. The order striking the judgment for the first $7,026.77, however, was in error and must be reversed. With respect to the judgment for $7,026.77, and appellee's petition to open the same, the proceedings are remanded. Jurisdiction is relinquished.