## Balthaser v. Bitner.

*Attachment execution—Deposit of money for building purpose—Owner and contractor—Trusts and trustees.*

An owner employed a contractor to make alterations and repairs . to a dwelling "which alterations will be ordered by me from time to time as necessary to conform to each other." The owner de- · posited in bank in the name of the contractor "as trustee" for the owner $1,500 to pay for bills as presented and approved by the owner and contractor "otherwise money to remain property of myself." After the contractor had ordered some mill work to cost two hundred and fifty-eight dollars, a judgment creditor of the owner to the amount of two hundred dollars, attached the fund. After the attachment the contractor continued the work and expended thereon a sum in excess of fifteen hundred dollars. *Held,* that the attaching creditor was entitled to the payment of his judgment prior to any distribution to the contractor.

Argued Nov. 9, 1915. Appeal, No. 184, Oct. T., 1915, by Alfred J. Raubenhold, Garnishee, from judgment of C. P. Berks Co., Jan. T., 1914, No. 83, on verdict for plaintiff in case of John A. Balthaser v. Ella Bitner and Emma Boyer, defendants, and Alfred J. Raubenhold, appellant, and Hamburg Savings Bank, Garnishee. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Attachment execution. Before ENDLICH, P. J.

At the trial the jury returned a verdict for plaintiff.

On a rule for a new trial and for judgment n. o. v., ENDLICH, P. J., filed the following opinion:

It is conceded on all hands that the question here to be decided is one of law upon an undisputed state of facts shown by the evidence, that the decision of that

Opinion of Court below. [61 Pa. Superior Ct.

question is involved in the disposition of the rule for judgment n. o. v., and that the application for a new trial may be disregarded and dismissed.

The plaintiff recovered a judgment for $200.75, interest, etc., to No. 8, Dec. T., 1912, J. D., against Ella Bitner and Emma Boyer, defendants. Some time in November, 1913, they contemplated alterations and repairs to a certain property, and obtained from Alfred J. Raubenhold, a contractor and builder, an estimate of the probable cost thereof, viz: about $1,700.00. Without entering into any specific and binding contract, it was understood between defendants and Raubenhold that what was to be done should be done by the latter. Several weeks passed by without his doing anything. Upon inquiry by the defendants he informed them that he wanted some money before going ahead. Thereupon, on Dec. 23, 1913, Ella Bitner put into his hands the sum of $1,500.00, at the same time signing the following writing referring to the transaction:

"I have engaged A. J. Raubenhold to make alterations and repairs to house No. — on South 3d street, which alterations will be ordered by me from time to time as necessary to conform with each other. Said bills for alterations and repairs are to be paid by A. J. Raubenhold as presented and approved by myself and A. J. Raubenhold, otherwise money to remain the property of myself."

To which Raubenhold over his signature appended the following:

"I have agreed to above agreement and the said Mrs. Bitner has placed at my disposal the sum of $1,500.00 for said alterations and repairs which she may order from time to time and approved by her."

The money was deposited in the Hamburg Savings Bank to the credit of "Alfred J. Raubenhold, Trustee for Ella Bitner." Raubenhold proceeded to ask for bids from various materialmen and had closed one contract with a planing mill for $258.00, when, on Dec. 27, 1913,

this attachment execution was issued by plaintiff against and served upon Raubenhold and the savings bank. Both pleaded nulla bona. At the trial it developed that, after the attachment, Raubenhold began and went on with the work of alterations, etc., and that the cost ran up to a total of $1,802.76. It being agreed that the bank could not be held, a verdict was directed finding that at the time of the attachment Raubenhold had in his possession $1,242.00 in money belonging to Ella Bitner, defendant, subject to the process, whilst the bank had no money subject thereto belonging to either of the defendants. The question now is whether the result as to Raubenhold is right or not.

It may be freely admitted that money put by defendant into the hands of garnishee by way of payment in advance of what is to become due to him under a binding contract, or subject to a definite appropriation to a specific purpose, either for his benefit or that of a third party, is not liable to attachment by a creditor of defendant. Payment in advance is none the less payment: City Bank v. B. & S. Co., 42 W. N. 409, making the money passing the property of the payee: Lundie v. Bradford, 26 Ala. 512. And an appropriation, where the act of appropriation is certain and the subject-matter free from doubt: Greenfield's Est., 24 Pa. 232, 241, amounts to an assignment of the fund: Clemson v. Davidson, 5 Binn. 392, 397, divesting the assignor's ownership or control of it. But it will be noticed that the arrangement here made falls under neither of these heads. The terms of the writings subject to which the sum of $1,500.00 was given to, and received and held by, Raubenhold, do not make it his property nor appropriate it, beyond Ella Bitner's control, to alterations, etc., to be made by him. Neither do they refer to what he is to do as something fixed and determined in details or amount. They refer to alterations to be thereafter "ordered by (Ella Bitner) from time to time," and to "bills......approved by (her)" in the future; and they distinctly stipulate,

"otherwise money to remain the property of......(Ella Bitner)." And Raubenhold practically affirmed the character of the transaction as retaining her ownership of the money, as between her and him, by depositing or acquiescing in the deposit of the same in his name as "trustee for Ella Bitner"—the word "trustee" obviously not importing a technical trust, but being used much in the same sense in which the phrase "in trust" was used in the will adjudicated in Hain v. Bowman, 6 Berks Co. L. J. 44, as emphasizing the absence of ownership in the recipient. Instead of being an advance payment or an appropriation to a certain purpose, the deposit was to serve as a fund to be drawn upon for such work to be done and such expenditures to be incurred by Raubenhold as might thereafter be directed or approved by Ella Bitner—their kind, extent and value being discretionary with her, and she being at liberty at any time or stage to curtail or end them and thereupon to resume possession of any balance remaining unexhausted. As to any such balance, had the alterations, etc., come to an end before the issuance of the attachment, there could hardly be a question of its subjection thereto under Balliet v. Brown, 103 Pa. 456, 551. But there seems to be no room for such question even without prior completion or stoppage of the alterations, as regards so much of the entire sum as exceeded what had already become chargeable against it. In the first place it is to be observed that the deposit was one essentially leaving the entire control of the fund in the hands of Ella Bitner. She was to direct its application, might devote it to any purpose she saw fit, or at her pleasure take it back. She was to retain the ownership as well as the disposal of it. The principle recognized in Nolan v. Nolan, 218 Pa. 135, and similar cases, would seem to forbid a debtor to put his property out of reach of his creditors by any such arrangement. Apart, however, from this principle, the general test of liability to garnishment is the garnishee's accountability to defendant: Ellis v. Goodnow, 40 Vt.

237, 240; R. R. Co. v. Wheeler, 18 Md. 372. Or, as put in Rozelle v. Rhodes, 116 Pa. 129, 136, in order to resist it, the garnishee must have such title or interest in the thing attached that it cannot be taken from him. Here the garnishee was a mere depositary or bailee of the fund, with an interest in it only upon the contingency and to the extent that the direction or approval by Ella Bitner of work done or liability incurred, from time to time, created that interest. If in any sense the deposit could be regarded as security for his benefit, it was by way of settling her ability to satisfy him to that extent and in that event, by demonstrating her readiness to pay for what she might order or approve. Treating the fund as liable from time to time for what she had ordered or approved, as to anything beyond that it continued to be hers and he was accountable to her as her mere agent in carrying out her intentions concerning it, whatever they might, from time to time, be. By the service of the attachment on Dec. 2, 1913, that accountability to her became an accountability to the plaintiff: Tams v. Richards, 26 Pa. 97, 98—the process operating as an assignment of the right of Ella Bitner to the attaching creditor: Roig v. Tim, 103 id. 115, 117. At the date mentioned, $258.00 had been chargeable upon the fund in Raubenhold's hands as "trustee for Ella Bitner," because of the lumber contract for that amount made by him and assumed to have been approved by Ella Bitner. The balance of $1,242.00 was money belonging to her. In respect to it he was then accountable to her and in no position to exact from her application of it to the further prosecution of the alterations. Having no right to hold it as against her, he could not hold it against her creditor attaching it as hers. If nevertheless Raudenhold chose to do so, and, proceeding with the alterations, etc., exhausted and overdrew the fund, with defendants' consent or without it, he must be deemed to have done this at his risk: see Tams v. Richards, ubi supra. His liability to plaintiff as of the date of the garnishment neces-

616 BALTHASER *v.* BITNER.

Opinion of Court below—Opinion of the Court. [61 Pa. Superior Ct.

sarily remained unchanged. Nor thereafter could the terms upon which the deposit was originally made be changed by any arrangement, understanding or co-operation between the defendants and Raubenhold so as to affect the rights of the plaintiff under his proceeding: Ellis v. Goodnow, 40 Vt. 237, 240.

It would seem to follow, as a necessary conclusion, that there is no course open but to refuse the application for judgment n. o. v., as well as a new trial.

The rules to show cause are discharged.

*Error assigned* was the order of the court.

*Joseph R. Dickinson,* with him *J. Ed. Miller,* for appellant.—An attaching creditor can take only what the debtor can demand and stands in the shoes of the debtor: Hemphill, et al., v. Yerkes, et al., 132 Pa. 545; Lane's App., 105 Pa. 49; Balliet v. Brown, 103 Pa. 546.

*J. Milton Miller,* with him *F. R. Shanaman,* for appellee.

PER CURIAM, December 20, 1915:

We are of opinion that the questions raised by the assignments of error are correctly and adequately answered in the well-considered opinion filed by the learned president judge of the Common Pleas in discharging the rule for new trial and for judgment non obstante veredicto. The assignments of error are overruled and the judgment is affirmed.