## Davis et ux. v. Derbyshire et al.

*H. Swank Phillips* and *John C. Youngman*, for plaintiffs.

*Harry Alvan Baird* and *Owlett & Webb*, for garnishee.

HUMES, J., September 9, 1940.—Plaintiffs, the Davises, having obtained judgment against Frank Derbyshire, in an action in trespass for damages resulting from Derbyshire's alleged negligent operation of an automobile, proceeded to issue an execution attachment, summoning as garnishee the Utica Mutual Insurance Company, and filing interrogatories therewith inquiring from the garnishee whether it had insured one Cummings as the owner of the automobile driven by Derbyshire, whether it insured, in addition, one driving with Cummings' permission, and whether permission had been given expressly or tacitly by Cummings allowing Derbyshire to drive; asking other questions as to the personal relations between Cummings or certain members of his family and Derbyshire; and requesting the annexation of documents and correspondence to the answers to be made by the garnishee.

The garnishee, advised by its counsel that many of the questions were improper, irrelevant, and immaterial, and therefore did not merit or require answers, filed its petition seeking instruction from the court as to which, if any, questions need not be answered. Plaintiffs answered the petition denying the impropriety of the questions, and the need for instructions, and asking the court to direct the garnishee to answer.

The questions raised by the pleadings were four:

1. Whether the garnishee is entitled to instructions from the court. This point is now not contested by plaintiffs. See McCallum et al., etc., v. Morris et al., 179 Pa.

427, holding that if a party's counsel advises, or he himself thinks, a question improper, he is entitled to instruction by the court.

2. Whether the garnishee can be required to state its interpretation of the insurance policy. (Interrogatory No. 3.) This point is now abandoned by plaintiffs; and the garnishee is instructed that it need not answer interrogatory no. 3, for if the policy is submitted, as requested in interrogatory no. 2, the terms will be disclosed.

3. Whether the garnishee may be required to state facts upon which implied consent of owner may be based. (Interrogatories nos. 8, 9, 10, and 11.)

4. Whether the garnishee may be required to produce certain correspondence. (Interrogatories nos. 22 and 23.)

The first two of these questions having been disposed of as indicated, we take up no. 3, relating to interrogatories nos. 8, 9, 10, and 11.

We quote from respondent's brief: "It is conceded by counsel for respondents that we are not permitted to elicit evidence from the garnishee but that we are required to limit our interrogatories to basic facts."

This position is in accord with the court's ruling in Balthaser v. Bitner et al., 24 Dist. R. 743, 744 (case affirmed in 61 Pa. Superior Ct. 611) :

". . . it is not every interrogatory that the plaintiff may file that is obliged to be answered. Only such as affect the estate and effects of the defendant in the hands of the garnishee, or debts owing to him by the garnishee, are relevant and, therefore, obliged to be answered. Additional interrogatories are not to be used for the mere purpose of compelling a garnishee to disclose what evidence he will produce at the time of the trial in support of the answers that he filed to relevant questions, and thus enable the attaching creditor to determine whether or not he shall contest the truth of the answers filed."

In the case at bar, the basic facts are sought by the following interrogatories: Interrogatory no. 1, inquiring whether Cummings had a contract of insurance with

the garnishee; interrogatories nos. 2 and 3, whether the policy included coverage, in addition to the named assured, Cummings, to any person operating with Cummings' permission (although interrogatory no. 3 has been abandoned, it will be automatically answered by the answer to no. 2) ; interrogatory no. 14, whether Derbyshire had such permission. Assuming that the answers to nos. 1 and 2 will disclose that such a contract existed, we believe that the answer to no. 14, in the affirmative, would justify judgment against the garnishee (within the policy limits), and in the negative, would be "sufficiently full and explicit to raise an issue which a jury alone could decide": McCallum et al., etc., v. Morris et al., supra, p. 249.

Interrogatories nos. 8, 9, 10, and 11 might elicit evidental facts which could, at a trial of such issue, be submitted to and considered by a jury, under proper instructions by a court, in deciding whether or not such permission was granted.

That the answers to such interrogatories concern evidential facts, rather than basic facts, is apparent upon mere comparison. The ultimate fact sought to be ascertained by respondents is whether Derbyshire was driving with Mr. Cummings' permission; the fact sought by the questioned interrogatories is whether he was driving with *Miss* Cummings' *permission* (no. 8) with or without *Mr.* Cummings' *knowledge* (no. 9) ; and whether Miss Cummings and Derbyshire had been keeping company (no. 10) with or without Mr. Cummings' knowledge (no. 11). The answers to these interrogatories may have some bearing and may shed some light on the establishment of the ultimate fact, but plainly they are only evidential in character.

To require the garnishee to disclose its evidence is manifestly unfair, not merely for the reasons set forth in Balthaser v. Bitner et al., supra, but for the further reasons that the garnishee might be compelled to disclose portions of evidence harmful to its own position, but would

have no opportunity to set forth other evidence tending to disprove the evidence thus disclosed, which might perhaps have compelled the garnishee to make denial of the interrogatories as to the basic facts, contrary to the evidence sought by the attaching creditor.

We, therefore, conclude, and instruct the garnishee, that interrogatories nos. 8, 9, 10, and 11 are improper and need not be answered.

Taking up the fourth question raised by petitioner, as to whether it can be compelled to produce certain correspondence in connection with its answer to the interrogatories:

The general rule is given tersely and succinctly in 2 Troubat & Haly's Practice 1681: "A garnishee will not in general be compelled to annex copies of a correspondence to his answers"; and in 7 Standard Pennsylvania Practice 649: "However, the garnishee will not be compelled to annex copies of a correspondence to his answers"; both authorities citing Lea et al. v. Musser et al., 2 Clark 306.

We believe that such authority is sufficient to relieve petitioner from being compelled at this time to produce the correspondence. The question as to whether the creditor may compel production of this correspondence by other proceedings or at the trial of the issue, we believe should properly be left until such time for final disposition.

We, therefore, instruct the garnishee that it need not produce and file copies of the correspondence, as requested in interrogatory no. 23, and since no. 22 is not as to a basic fact, but merely leads to evidence, it likewise need not be answered.

*Order*

And now, September 9, 1940, the garnishee is ordered to file, within 20 days from the date of this order, its answers to the interrogatories heretofore filed, with the exception of interrogatories nos. 3, 8, 9, 10, 11, 22, and 23.