## Pennsylvania Turnpike Commission v. Schwartz, Administratrix, et al.

*Douglas D. Storey*, for plaintiff.
*Paul D. Smith* and *W. E. Shissler*, for garnishee.

WOODSIDE, J., August 1, 1947.—After interrogatories to garnishee were filed and answered in this case, plaintiff moved for judgment for want of a legally sufficient answer. In an opinion dated August 10, 1945, we refused the motion and stated we thought this a case for a jury where there would be "an opportunity for a broader inquiry into the facts than is presented by the bare pleading".

Subsequently, plaintiff issued a rule as of course upon garnishee to answer five additional interrogatories which dealt with correspondence between plaintiff and garnishee, between June 16, 1943, and September 22, 1943. Garnishee then petitioned for instruction on whether or not it had to answer the interrogatories, alleging that they were improper, irrelevant and immaterial.*

We think it is not necessary for garnishee to answer these interrogatories. In Davis et ux. v. Derbyshire et al., 39 D. & C. 368, p. 372 (1940), the court said:

---

*This was proper procedure by garnishee. See McCallum et al. v. Lockhart et al. 179 Pa. 427 (1897), and 7 Standard Pa. Practice, 648.

" 'A garnishee will not in general be compelled to annex copies of a correspondence to his answers' . . . The question as to whether the creditor may compel production of this correspondence . . . at the trial of the issue, we believe should properly be left until such time for final disposition."

The court there said garnishee should not be required to disclose its evidence, and in Balthaser v. Bitner, 24 Dist. R. 743 (1914) (affirmed in 61 Pa. Superior Ct. 611 (1915) by a per curiam opinion), the court said on page 744:

"Additional interrogatories are not to be used for the mere purpose of compelling a garnishee to disclose what evidence he will produce at the time of the trial in support of the answers that he filed to relevant questions, and thus enable the attaching creditor to determine whether or not he shall contest the truth of the answers filed."

It should not be understood that we are holding that the letters referred to in the additional interrogatories are irrelevant or immaterial to the issues raised by the original interrogatories and the answers thereto, nor that we shall refuse to admit them into evidence at the trial. Garnishee admitted that at the time of the accident the policy of insurance covered the truck involved in the accident, and admitted receiving notice of the accident, copy of summons and statement of claim, but denied that these were sent "immediately" as required by the policy. In our opinion we pointed out that the word "immediately" must be construed to mean within a reasonable time thereafter under all the facts and circumstances. To determine those "facts and circumstances" involves a broader inquiry than the bare pleadings.

And now, August 15, 1947, garnishee is instructed that it need not answer the five additional interrogatories and the rule upon it to answer the same is hereby discharged.