## WOOD vs. WALL, Garnishee.

GARNISHMENT : *Time when garnishee's liability is fixed — Judgment against garnishee for refusal to answer question.*

1. Judgment should not be rendered against a garnishee for refusing to answer whether he has received property of the principal debtor *since* notice of garnishment was served upon him, that being the time when his liability is fixed.
2. In case of a refusal of garnishee to answer a *proper* question, the court should inform him of his obligation to answer, before entering judgment against him for such refusal.

APPEAL from the County Court of *Milwaukee* County.

*Wood*, having issued executions against Shattuck, caused *Wall* to be summoned as garnishee under chap. 249, Laws of 1862. *Wall* answered, that, at the time he was served with the notice, he had no property, goods, effects or credits in his possession belonging to Shattuck. Being asked what dealings had taken place between himself and Shattuck prior to the service of the notice, he stated that he was an auctioneer, in the habit of making advances upon goods placed in his

hands to be sold; that, at the request of Shattuck, he made an appraisement of household furniture which Shattuck wished him to sell, and advanced him six hundred dollars by giving him a bank check in the usual form; that the goods sold at auction for $665.37; that his commission on such sales was ten per cent.; that the notice was served on him when he was about two thirds through with the sale; and that he did not know, at that time, whether the check had been paid or not. He also stated, in answer to a question by his own counsel (which was received under objection), that, before the service of the notice, he had accepted an order drawn by Shattuck in favor of Bradford & Stark for any balance of proceeds of the sale that might be in his hands, to the amount of $72. The plaintiff's attorney put to the garnishee this question: "Since the service of the garnishee notice, have you received any money, goods or effects belonging to the defendant?" The garnishee, under the advice of his counsel that it was not a proper question, declined to answer it. The county court rendered judgment against him for the amount of the executions, being $239.07, besides costs of the proceeding; and he appealed.

*Finches, Lynde & Miller*, for appellant.

*Merrick & Reitbrock*, for respondent:

Sec. 3 of chap. 249, Laws of 1862, provides that if any person, on his examination, refuses to answer all proper questions, the court may render judgment against him for the amount of the execution, with costs. The question which the garnishee refused to answer was a proper one. 2. If garnishee was aggrieved by the judgment, he should have moved in the court below to set it aside. 14 Wis. 514; 20 id. 31.

COLE, J. We think the court erred in rendering judgment against the garnishee. His answer shows that he was neither indebted to the judgment debtor,

nor had he any property in his hands belonging to such judgment debtor at the time notice to appear and answer was served upon him. His answer upon these points is so full and satisfactory, that it is difficult to see how any doubt could arise as to his exemption from liability. It appears that he had made an advance to Shattuck of $600, giving his check for that amount, and had accepted an order in favor of Bradford & Stark for $72, upon which he was to apply the balance in his hands. This was before the service of the notice to appear and answer. The truth of the garnishee's answer was not controverted or impeached by opposing testimony. And why effect should not be given to the statements of the garnishee, we fail to perceive. The answer was satisfactory to the judgment creditor. And yet, though the garnishee shows that he has nothing in his hands belonging to the judgment debtor, still judgment was rendered against him. Clearly, upon the answer, the garnishee could not be charged.

Upon the examination of the garnishee, he was asked if, *since* the service of the garnishee notice, he had received any money, goods or effects belonging to the judgment debtor. Under the advice of his counsel he declined to answer the question. It is suggested in the brief of the counsel for the respondent, that the court gave judgment against the garnishee because he refused to answer this question. The statute provides that where the garnishee refuses to answer all proper questions propounded to him, the court may punish him by fine or imprisonment, or both, at its discretion, and may also render judgment against such garnishee for the amount of the execution and costs thereon. Laws of 1862, chap. 249, sec. 3. The question asked in this case was not a proper one. The liability of the garnishee is confined to indebtedness existing, or property in his hands or possession belonging to the judgment debtor "at the time the notice to appear and answer was

served." Section 7. This is the language of the statute, which clearly fixes the liability of the garnishee when notified to appear, and does not extend the operation of the garnishment to moneys and effects which may come into his hands subsequent to that time. In regard to the practice under this statute, which is very severe in its provisions, we are inclined to hold that the court should direct the garnishee that the question which he refuses to answer is a proper and pertinent one for him to answer, before rendering judgment against him upon that ground. A garnishee might, under the advice of counsel, or because he thought the question an improper one, honestly decline to answer pertinent interrogatories, when he would make full disclosure of all matters bearing upon the question of his liability if the court should direct him to do so. And it would seem hard to visit him with all the consequences of this penal statute, unless it appears that he is contumacious, and designedly refuses to answer all proper questions put to him.

*By the Court.* —The judgment of the county court is reversed, and the cause remanded with directions to render judgment on the answer for the garnishee.