William McCallum and Ewing McCallum, trading as McCallum & McCallum, *v.* W. W. Morris, George Morris, and William F. Gray, late trading as Morris Brothers and Gray, and Samuel Lockhart, Garnishee and Appellant.

*Attachment execution—Garnishee's answers to interrogatories.*

A garnishee's answer to interrogatories will not be construed with the same strictness as an affidavit of defense, and it need not set forth specifically and at length the nature and character of his defense, but only such facts as are material to the admission or denial of indebtedness to the defendant.

A garnishee is not bound to submit to every conceivable question; and where he refuses to answer a question because either he or his counsel thinks it is improper or immaterial, he is entitled to instruction from the court before judgment is entered against him.

*Attachment execution—Transfer of negotiable note.*

In an attachment execution the garnishee in his answer to interrogatories admitted that he had purchased real estate from the defendant, and had given his note for the balance of the purchase money. He further averred that the note had been transferred by the defendant to a bona fide purchaser for value. He did not give the name of the transferee, but this was not specifically required by the interrogatories. *Held*, that the answer was sufficient to prevent judgment.

Argued Nov. 2, 1896. Appeal, No. 115, Oct. T., 1896, by garnishee, from order of C. P. No. 2, Allegheny Co., Oct. T., 1895, No. 569, entering judgment against him. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Attachment execution.

Rule for judgment against garnishee on answers to interrogatories.

The plaintiffs having obtained judgment against the firm of Morris Bros. & Gray issued execution upon their judgment in September, 1895, and summoned Samuel Lockhart as garnishee. Interrogatories were served on the garnishee inquiring inter alia: " Did you purchase from W. W. Morris any real estate in the past year? What was the consideration? and how and where

was it paid? Give detailed particulars." The garnishee filed his answers on November 2, 1895. On November 23, 1895, under order of the court that he make full, true and correct answers, etc., he filed additional answers admitting that he had bought real estate from said W. W. Morris and had given in part payment thereof his negotiable promissory note for $1,500, dated May 28, 1895, to the order of said W. W. Morris, payable in two years, without interest; that said note was sold and delivered by said Morris to a third person for a valuable consideration before the issuing of the attachment in this case, and that said person purchased said note in good faith, and is still the owner and holder thereof; and that since the court extended the time for filing an additional answer to said interrogatories, he has conferred with the holder of said note, and has been requested by him not to disclose his name in this answer, for the reason that he fears if such were done, that he would be subjected to vexatious annoyances on the part of the plaintiffs in this case.

The court made absolute a rule for judgment against the garnishee for $1,500.

*Error assigned* was above order.

*D. B. Maxwell*, for appellant. — Judgment can be entered only on answers when they contain an absolute admission of present indebtedness to the defendant in the execution: Lancaster County Bank v. Gross, 50 Pa. 227; Walker v. Eyth, 25 Pa. 216; Singizer's Appeal, 28 Pa. 524; Sinnickson v. Painter, 32 Pa. 385; Moore v. Moore, 34 Leg. Int. 12; Sheetz v. Leech, 2 W. N. C. 291; Ferguson v. Craig, 1 W. N. C. 153; Fulweiler v. Hughes, 17 Pa. 440; Keiffer v. Ehler, 18 Pa. 388; Kent v. Schuylkill Navigation Co., 1 T. and H. Pr. 1183; Hill v. Kroft, 29 Pa. 186; Day v. Zimmerman, 68 Pa. 72.

A garnishee can plead prior assignment against the plaintiff: Walker v. Gibbs, 2 Dallas, 211; Sharpless v. Welsh, 4 Dall. 279.

*Galen C. Hartman*, for appellees, cited, Henwood v. American Legion of Honor, 2 Dist. Rep. 170; Born v. Staaden, 24 Ill. 320; Wood v. Partridge, 11 Mass. 487.

OPINION BY Mr. CHIEF JUSTICE STERRETT, January 4, 1897 :

The entry of judgment in this case against the garnishee was clearly erroneous. His answer gave in detail the circumstances which led up to the transfer of the note to a bona fide purchaser for value, and was sufficiently full and explicit to raise an issue which a jury alone could decide : Bank v. Gross, 50 Pa. 224. True, he did not give the name of the transferee, but that was a fact which the interrogatories did not specifically require, and which in that state of the proceedings, it was not essential to give. Whether he gave or withheld it would not change the issue of indebtedness. Substantial denial of indebtedness gave the proceeding a preliminary character. A garnishee's answer is not to be construed with the same strictness as an affidavit of defense. He is not bound to set forth specifically and at length the nature and character of his defense to the attachment, but such facts only as are material to the admission, or denial of indebtedness, to the defendant. If his counsel advise, or he himself thinks, a question is improper, he is entitled to instruction by the court: Wood v. Wall, 24 Wis. 647. He is not bound to submit to every conceivable question under penalty of paying the whole debt. For insufficient answer the plaintiff may except or demur: T. & H. Prac. sec. 1202. But judgment cannot be entered against the garnishee unless he expressly or impliedly admits his indebtedness, or his possession of assets belonging to the judgment debtor: Bank v. Meyer, 59 Pa. 361. There must be a distinct admission of liability such as leaves no doubt: T. & H. Prac. sec. 1202. The admission of indebtedness, like a special verdict, forms the exclusive foundation of the judgment. If the facts stated appear to be insufficient to entitle plaintiff to judgment, the court should refuse it, and discharge the rule, leaving the plaintiff at liberty to rule the garnishee to plead to issue and go to trial: Bank v. Gross, supra.

The answer here was plainly sufficient to raise the issue of the garnishee's indebtedness. He had made a distinct and unequivocal denial. How his debtor relations had become changed might become an appropriate subject of inquiry at the trial, as affecting the question of credibility ; but was obviously immaterial at this preliminary stage of the proceeding whose purpose was to evoke an admission, or denial, of indebtedness

to the judgment debtor. The rule for judgment against the garnishee should have been discharged.

Judgment reversed, rule for judgment discharged, and all proceedings thereunder set aside at plaintiff's costs.