# Percy Hagy *v.* Thomas Hardin, Defendant, and Joseph W. H. Malmedie, Garnishee and Appellant.

*Attachment execution—Garnishee's answer.*

A garnishee's answer is not to be construed with the same strictness as an affidavit of defense. For insufficient answers, plaintiff may except or demur; but judgment cannot be entered against the garnishee, unless he expressly or impliedly admits his indebtedness and liability so distinctly as to leave no doubt.

Judgment was entered against a plasterer who had a contract to do the plastering in a building operation. The builder was summoned as garnishee. He denied any indebtedness. He averred that he had a contract with the plasterer who was to do the plastering for a certain sum, seventy per cent of which was to be paid as the work progressed, and the balance, thirty per cent, when the work was fully completed; that it was agreed that if the plasterer failed to complete the work the builder should, on notice, have the right to employ another plasterer, in which case nothing should be demandable by the plasterer until the work should have been finished; that prior to the service of the attachment the builder had notified the plasterer to complete the work, but the latter had neglected to do so; that by that time winter had set in, and, as it was not safe to do such work in freezing weather, its completion was necessarily deferred until the next season after service of the attachment. *Held,* (1) that it was error to enter judgment against the garnishee upon his answers; (2) that it was for a jury to determine whether there was any balance due by the garnishee.

Argued Jan 7, 1898. Appeal, No. 166, Jan. T., 1897, by Joseph W. H. Malmedie, garnishee, from order of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 772½, entering judgment against garnishee on answers. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule for judgment against garnishee for want of sufficient answers.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment against garnishee for want of sufficient answers.

*J. Siegmund Levin,* for appellant.—The answers of the garnishee expressly deny any present indebtedness to the defendant,

or the existence of such a state of facts as would warrant the inference that present liability exists: Grauer v. Watson, 3 Dist. Rep. 641; Ramsay v. Myers, 6 Dist. Rep. 468; Roig v. Tim, 103 Pa. 115; Bank's App., 123 Pa. 473; Hemperley v. Tyson, 170 Pa. 385.

Judgment can be entered against the garnishee on his answers only when they contain an express or implied admission of present liability to the defendant, or of the possession of assets belonging to him: Kerr v. Diehl, 2 Clark, 325; Fithian v. Brooks, 1 Phila. 260; Bank v. Gross, 50 Pa. 224; Moore v. Moore, 34 Leg. Int. 12; Conshohocken Tube Co. v. Iron Car Equipment Co., 167 Pa. 592; McCallum v. Lockhart, 179 Pa. 427.

The entry of judgment was in effect an abrogation of the contract between the garnishee and the defendant and the substitution of a new contract therefor, at the request and for the benefit of a stranger to the contract: Lucesco Oil Co. v. Brewer, 66 Pa. 351; Mining Co. v. Jones, 108 Pa. 55; Shaw v. Turnpike Co., 2 P. & W. 454; Martin v. Schoenberger, 8 W. & S. 367; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Hartman v. Meighan, 171 Pa. 46; Sticker v. Overpeck, 127 Pa. 446; Hazleton Co. v. Union Improvement Co., 143 Pa. 573; American Forcite Powder Mfg. Co. v. Malone, 166 Pa. 289.

*Edwin O. Michener*, with him *Geo. W. Harkins*, for appellee.

OPINION BY MR. JUSTICE DEAN, July 21, 1898:

The plaintiff entered judgment against Hardin, defendant, for $1,487.53, then issued attachment execution against Malmedie and summoned him as garnishee. Interrogatories were duly served, and Malmedie answered, in substance, that he was builder of certain dwelling houses in the city of Philadelphia, and had contracted with Hardin, the defendant, to do the plastering for the price of $6,000, seventy per cent of which was to be paid as the work progressed, and the balance, thirty per cent, when the work was fully completed; that Hardin had not fulfilled his contract, as he stipulated he would, and specified wherein he had failed; that respondent had paid to him, up to the date of service of attachment, $2,712.47; that by the terms of the contract it was agreed that if Hardin failed to

complete it according to the stipulations, then Malmedie should have the right to employ, on notice, another plasterer to do so, in which case nothing should be demandable by Hardin until the work was finished.   That prior to the service of that attachment, Hardin being in default, Malmedie had notified him to complete the work according to the contract, but he neglected to do so; by that time, winter had set in, and, as it was not safe to do such work in freezing weather, its completion was necessarily deferred until the next season after service of attachment, which last was on December 28, 1896; therefore, the work was standing unfinished.   There is appended a copy of his contract with Hardin.

To the sixth interrogatory, he answers, that by the contract he owed nothing to Hardin at the service of the attachment, or at the date of his answer.   To the seventh interrogatory, he makes a positive denial of any indebtedness whatever to Hardin, and avers that he, Hardin, did not claim then, or at any time, that any balance was owing to him under the contract.

The court below, on its construction of the contract, was of the opinion that the seventy per cent payable during the progress of the work, amounting to $4,200, was due, and therefore gave judgment against the garnishee for $1,487.53, with interest, amount of plaintiff's claim, and the garnishee now appeals.

The subject of the right of plaintiff to judgment on answers of garnishee has been very recently considered by this Court in opinion by the Chief Justice, McCallum v. Lockhart, 179 Pa. 427: " A garnishee's answer is not to be construed with the same strictness as an affidavit of defence. . . . For insufficient answers, the plaintiff may except or demur.   But judgment cannot be entered against the garnishee, unless he expressly or impliedly admits his indebtedness. . . . There must be a distinct admission of liability such as leaves no doubt."

We think a proper construction of the contract, in view of the answers of the garnishee, must turn on a question of fact to be determined by a jury.   As before noted, the garnishee, in his answers, flatly denies any indebtedness to Hardin.   The latter stipulated he would do all the work and furnish all the material for plastering eighteen houses according to the plans and specifications; that he would do the plastering in a workmanlike manner, and prosecute the work with promptness and

diligence, and if he failed, on five days' notice, Malmedie could terminate the contract and employ another mechanic, in which event, Hardin should have no right to further payment until the second plasterer had wholly finished the work, then, if the unpaid balance exceeded the amount payable to the second one, such excess should be paid to Hardin. It is for a jury to find whether, under Hardin's plain contract, there is any balance due him. The garnishee avers in his answer, in substance, that the work could not be finished until the following plastering season; judgment was entered against him February 6, in the winter season. If Hardin defaulted, and Malmedie strictly followed his rights under the contract, it could not be determined until months after the judgment whether there was in fact anything attachable in his hands.

In our opinion, the judgment of the learned court below was at least premature; therefore it is reversed, and it is directed that the cause be proceeded in for trial before a jury.