## Taylor, Admx., *v.* Home Life Insurance Company of America, Appellant.

Argued December 9, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Arthur S. Arnold,* with him *E. Leroy Van Roden,* for appellant.

*John J. Stetser,* for appellee.

OPINION BY STADTFELD, J., January 29, 1937:

The plaintiff (administratrix of the Estate of John W. Taylor, Deceased), claimed on an industrial policy of life insurance issued to John W. Taylor, Nov. 20, 1933, payable to his estate.

The policy contained the provision that if any policy on the life of the insured had been previously issued by the company and was in force at the date of the policy sued upon, the policy sued upon should be void unless the number of the prior policy was endorsed by

the defendant company in the space for the endorsement on the fourth page of the policy sued upon.

The said John W. Taylor had previously applied for and obtained, March 7, 1932, two other industrial policies. The fact of the preceding policies was not endorsed upon the back of the policy in suit. The premiums on the policy in suit were collected from the wife of the assured, by a collecting agent of the insurance company, Gallagher, who likewise obtained the application for the policy. Mr. Gallagher did not inquire of the assured whether he was already insured with defendant company, nor was the question asked at the time of the delivery of the policy by the Superintendent of defendant company's office. The premiums on the other two previously issued policies were collected from the mother of the assured, by another and unrelated agent of the defendant company, who had obtained the applications for the said policies. Both agents worked out of the Chester office of defendant. The Superintendent of the defendant company's office at Chester, Cantwell, knew John W. Taylor. The agent, Gallagher, knew John W. Taylor. Nothing had ever been said to either Gallagher or Cantwell about any prior insurance and they had no knowledge thereof. John W. Taylor died March 4th, 1934.

In the mechanical workings, issuances and collections of industrial policies, such policies are known, indexed, designated and characterized by numbers only.

The plaintiff contended that the defendant company had waived the right to set up this defense and was estopped to deny liability under this clause, in that the defendant company should have known of the existence of the prior policies. The plaintiff also contended that the defendant company was chargeable with notice of its own records which would indicate to them the existence of the prior policies. Defendant

contended that the liability of the company was limited to the return of the premiums paid on the policy, to-wit: $4.00.

The jury found a verdict for the plaintiff for the face of the policy plus interest amounting in all to $346.50. Motion was made for judgment n. o. v. which was refused. This appeal followed.

The policy sued upon provided, inter alia, as follows: "If ...... any policy on the life of the insured hereunder has been previously issued by this company and is in force at the date hereof, unless the number of such prior policy has been endorsed by the company in the 'space for endorsements' on page 4 hereof (it being expressly agreed that the company shall not in the absence of such endorsement be assumed or held to know or to have known of the existence of such prior policy, and that the issuance of this policy shall not be deemed a waiver, of such last mentioned condition), then, in any such case, the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of the premium paid on the policy."

On the second of the two prior policies appeared the following endorsement: "This endorsement is made in recognition of the fact that prior policy No. 831883 may be in force on the life of the insured."

The lower court in its opinion, correctly stated the question in this case as follows: "Where a policy of life insurance contains a condition precedent, can there be a recovery where the said condition precedent has not been complied with."

In the case of *Hood v. Prudential Life Ins. Co.*, 26 Pa. Superior Ct. 527, the provision in the policy was identical with the one in the instant case, and is decisive of the issue involved here. The syllabus in that case is as follows: "In an action upon a policy of life insurance

it appeared that the policy contained this provision: 'This policy shall be void if there is in force upon the life of the insured an industrial policy, previously issued by this company, unless the policy first issued contains an endorsement signed by the president or secretary authorizing this policy to be in force at the same time.' It also appeared that the company kept its records solely by the number of the policy, and only as its attention was directed to the number would it have any notice whatever of the name, or any other means of identification of the applicant for additional insurance. The company issued 30,000 industrial policies in the course of each week. There was evidence that prior to the date of the policy in suit another industrial policy had been issued upon the life of the insured, and that this policy had no endorsement upon it authorizing the later policy. It appeared that the premiums on this policy were paid by the wife of the insured, and the premiums on the later policy by the insured himself. There was no evidence of actual notice or knowledge on the part of the officers of the company of the issuance of the later policy without the authorizing endorsement on the earlier policy. Held, (1) that the provision in the later policy requiring the authorizing endorsement on the earlier policy was reasonable in view of the circumstances under which the company conducted its business; (2) that the evidence failed to show any waiver on the part of the company of the provision requiring the authorizing indorsement; (3) that no recovery be had on the policy in suit."

This court, in the opinion in that case, by BEAVER, J., said inter alia, as follows (p. 537): "Applying these principles to the case in hand, it must be evident: a. That the accepted policy is the contract. Being in unambiguous terms, it binds the parties, unless in case of fraud or mutual mistake of facts, which is not here

alleged. b. That the provision in regard to other insurance is binding, unless actual knowledge by the company of the previous insurance is affirmatively proved. c. That, where waiver is relied on, the plaintiff must show that the company, with knowledge of the facts that occasioned the forfeiture, dispensed with the observance of the condition. ...... (538) We are clearly of opinion that the defendant had the right to keep its accounts as they were kept, relying entirely upon the number of the policy as the means by which they acquired knowledge of what was therein contained as to the person insured, the person for whose benefit the insurance was made and the amount thereof and any other facts and circumstances contained therein necessary to be known by the defendant, and that the acceptance of the premiums after the issue of the policies, under the peculiar circumstances of this case, was in no sense a waiver of the condition contained in the policy, as to the policy being void if previous insurance was in force, particularly in view of the fact that the defendant offered to return the premiums, as shown in the cross-examination of the plaintiff in the trial. The motion for judgment, non obstante veredicto, should, therefore, have been allowed."

In *Hood v. Prudential Life Ins. Co.*, 22 Pa. Superior Ct. 244, this court said, at p. 249: "The policies are also void by their terms, 'if there is in force upon the life of the insured an industrial policy previously issued by this company, unless the policy first issued contains an indorsement signed by the president or secretary, authorizing this policy to be in force at the same time.' The insured accepted the policy with that condition in it. Is it a reasonable condition? There is not sufficient testimony in the case, it seems to us, to determine that question. If, as is intimated, the company keeps its records entirely by number of the policy and not by the name of the insured, for the

reason that it is impossible to determine from mere name and description whether the individual taking additional policies is the same as the one previously insured, it may be that this provision would be not only reasonable but absolutely essential to the proper conduct of the business of the defendant company. Inquiry in this direction seems to have been shut off entirely by the rejection of the offers made by the defendant."

In the case of *Sack v. Metropolitan Life,* 115 Pa. Superior Ct. 430, 175 A. 733, at p. 432, this Court said: "The case is very similar to that of *Panopoulos v. Metropolitan Life Ins. Co.,* 96 Pa. Superior Ct. 325. There it was pointed out there is a difference between obtaining a contract through a misrepresentation of fact, and making the existence of that fact a condition upon which the contract by its written terms, is dependent; citing *Connell v. Metropolitan Life Insurance Co.,* 16 Pa. Superior Ct. 520."

The lower court in its opinion relies chiefly on the case of *McGuire v. Home Life Ins. Co.* 94 Pa. Superior Ct. 457, where a similar question arose. The decision in that case is predicated upon the sole proposition that premiums on the policy first issued and the policy subsequently issued, without endorsement thereon of the fact of the prior policy, were collected by one and the same agent and that for that reason the insurance company could not avoid the policy. The fact that the same agent collected the premiums, the court construed to be uncontrovertible evidence of the knowledge of the fact of the prior policy by reason of which only the court held the company estopped from setting up the breach. That case is therefore not controlling in the instant case.

As stated in Cooley's Briefs on Insurance, Vol. 5 page 3955: "In order to establish a waiver, it must appear that the insurer acted with notice or full knowledge of

the facts avoiding or forfeiting the insurance ......
(4033) It is elementary that an insurance company must have notice or knowledge of matters vitiating the policy, if its acts, statements or conduct shall constitute a waiver of such matters or estop it from asserting them as a defense to an action on the policy."

In the case at bar there was no evidence to indicate that any agent of the defendant company so contacted any of the policies as to have any notice implied or inferred of the existence of any other policy or policies. The agent who procured the application for the policy in suit, signed by the insured, was the same agent that collected the premium on the policy from the wife of the insured. The other policies previously issued were issued as the result of applications obtained by another and unrelated agent who collected the premiums from the insured's mother, residing apart from the insured's wife in an entirely different town. Nor is there any evidence that the superintendent of the local office at Chester had any knowledge or notice of the existence of the several policies, except that the superintendent had verified the signature on the last application.

Appellant also assigns for error the charge of the court wherein the trial judge left to the jury to find whether Cantwell, the superintendent, had knowledge or ought to have knowledge of the pre-existing policies. There was no evidence on which to submit this question to the jury. The court also instructed the jury that if the agent collected the premium and the company accepted the premium that would be an element to be considered as to whether the company did not have knowledge of the facts. The court further charged the jury: "the only way you can find for the plaintiff is that you have to find that the superintendent, if you so find him, that he knew of these insurance policies, and that he knew, the company knew, and they issued the policy of insurance and waived the endors-

ing thereon of the numbers of the policy." There was no evidence on which such a finding could rest.

If there is a right on the part of the company to keep its records by numbers, and not by name, as we have held in the cases cited, supra, the whole theory of the court in its charge was error.

The policy's provisions avoided the policy, and until there be some evidence of waiver or estoppel or some evidence of knowledge on the part of the company, or a proper representative of the company, such as would be equivalent to waiver or estoppel, its effect cannot be cancelled and annulled.

Under the provisions of the policy, the liability of the company, under the circumstances, is limited to the return of the premiums paid on the policy, to-wit: four dollars.

The assignments of error are sustained, the judgment entered is reversed, and is now reduced to the sum of four dollars.