## Stewart *v.* Stewart (et al., Appellant).

Argued May 4, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

W. W. *Stoner,* with him *J. M. Stoner & Sons,* for appellant.

*H. F. Stambaugh,* with him *Ralph H. Demmler* and *Watson & Freeman,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1938:

The plaintiff, on June 8, 1936, issued a writ 'of foreign attachment in assumpsit and summoned the Fidelity Trust Company as garnishee. In her affidavit of cause of action and statement of claim she set forth that she is a resident of Florida and the wife of Henry S. A. Stewart, Jr., the defendant, a nonresident of Pennsylvania. Her claim for $975 alimony and $750 counsel fees, with interest, rests upon a decree of the Circuit Court of the Eleventh Judicial District of Florida denying a divorce to the defendant and awarding her $325 per month as permanent alimony; also the sum of $4,750 for the use and benefit of her solicitors, payable at the rate of $250 per month.

This is the second of five attachment proceedings brought by the plaintiff to collect moneys awarded to her by the Florida court, wherein the Fidelity Trust Company was named as garnishee. In the first, a motion to quash or dissolve the attachment in so far as it affected defendant's interest in a spendthrift trust was denied. Upon appeal, we affirmed the lower court's action (see *Stewart v. Stewart,* 127 Pa. Superior Ct.

567, 193 A. 860). Subsequent to that decision, interrogatories were filed in the instant case, and in the answers thereto the garnishee sets forth that it is the trustee of a testamentary trust created by the will of Henry S. A. Stewart, Sr., a resident of Pittsburgh and father of the defendant, dated April 8, 1921. On October 1, 1921, Henry S. A. Stewart, Sr., created a trust inter vivos, naming this garnishee as trustee and giving to his son a life interest in the income therefrom. The deed of trust provides, inter alia, as follows: "Third. Said trust fund and the income therefrom shall not be liable for the payment of any debts of my said son, nor shall the same be liable to anticipation, execution or attachment in the hands of the said trustee." At the time of the execution of the deed of trust, Cecelia H. Stewart was the defendant's wife. The plaintiff herein was never known to her husband's father, who died September 12, 1922. On May 27, 1926, the defendant assigned to Cecelia H. Stewart, his first wife, from the income of this testamentary trust, the sum of $12,000 per year, payable quarterly, and $1,500 per year for the purchase of insurance. On February 24, 1932, he assigned to Anita Q. Stewart, to whom he had been married, the sum of $4,800 per year, payable monthly, from the net income of the said trust, also an additional sum for insurance premiums. On January 6, 1936, defendant assigned to the P. L. S. Corporation 75 per cent of the balance of the yearly income from the testamentary trust after the payment of the foregoing assignments.

The income in the hands of the garnishee under the testamentary trust when the writ was served was $4,607.08 and $1,489.51 under the deed of trust. No payments have been made to Cecelia H. Stewart on account of her assignment since January 4, 1937. Anita Q. Stewart has received no payments under her assignment since February 27, 1937. The P. S. L. Corporation

has not received anything under its assignment since March 5, 1937. At the time of the filing of the answers there was in its hands $14,347.41 under the testamentary trust and $6,020.21 under the deed of trust. The United States government also claims additional income taxes against the defendant for the years 1931, 1932, and 1933, amounting to over $9,000. The total claimed in the foreign attachment proceedings, including the present one, aggregates approximately $10,000. The defendant is also indebted to the garnishee for counsel fees and other expenses, and the trustee is entitled to credit on the funds in its hands for commissions and taxes.

The answers also set forth that the defendant claims that the funds in the hands of the trustee under the deed creating the spendthrift trust are exempt from any claim by this plaintiff.

The garnishee took the position in the court below that accounts should be filed and that all the matters in dispute could be disposed of at the audit thereof. Subsequently, accounts were filed, and it is stated, and not denied, that all the parties, including plaintiff, presented their claims before the orphans' court.

The plaintiff moved for judgment upon the answers to the interrogatories. The court of common pleas entered judgment against the garnishee for the full amount of plaintiff's claim, including counsel fees, and directed that the judgment be paid from the spendthrift trust fund, and discharged the rule for judgment against the garnishee as testamentary trustee. From this judgment, the garnishee appealed.

If, as here, the facts averred require a broad inquiry, judgment should not be entered upon the pleadings. It must be kept in mind, also, that whatever doubts may arise in the answers filed, they must be resolved in favor of the garnishee against whom the court entered judgment on the pleadings alone: *Ross v. Leber-*

*man et al.,* 298 Pa. 574, 148 A. 858. "A garnishee's answer is not to be construed with the same strictness as an affidavit of defense ...... For insufficient answer the plaintiff may except or demur ...... But judgment cannot be entered against the garnishee unless he expressly or impliedly admits his indebtedness ...... There must be a distinct admission of liability such as leaves no doubt:" *McCallum v. Lockhart,* 179 Pa. 427, 429, 36 A. 231. See, also, *Hagy v. Hardin,* 186 Pa. 428, 40 A. 804; *Wanamaker & Brown v. Muldoon,* 47 Pa. Superior Ct. 114, 119.

While it is true that the assignments are of the income, of the testamentary trust, the question arises whether the claims of the United States government have preference over the attachment on this fund rather than on the fund created by the testamentary trust which possibly may be insufficient to meet all the claims thereon. The answers to the interrogatories set forth that the government claims priority against both funds for its taxes under section 3186 of the United States Revised Statute (26 U.S.C.A. sec. 1560, p. 518 et seq.). The government's contention that the tax claims bind the spendthrift trust may or may not be well founded. Certainly, a doubt exists whether the government tax claims have priority on the fund. In such circumstances, the garnishee, a stakeholder, should be protected and not placed in the peril of disbursing money to one not legally entitled thereto.

The legislature passed an Act of Assembly, approved May 10, 1921, P. L. 434, §1, (48 PS §136) which provides that when any court of competent jurisdiction has made an order or entered judgment against any husband requiring him to pay for the support of his wife, a writ of attachment may issue against any money or property to which the husband is entitled under a spendthrift trust, but the attachment shall only be for 50 per cent of the money or property to which

he may be entitled. The learned court below did not limit the wife's claim to 50 per cent of the funds in the hands of her husband's trustee. The defendant asserts that this act is only open to residents of Pennsylvania who have secured an order of support and who otherwise might become a public charge, citing in support thereof *Everhart v. Everhart,* 87 Pa. Superior Ct. 184, 190, where we said, in upholding the validity of the act, that it "was enacted for the protection and relief of its own inhabitants who otherwise might become a public charge." The Supreme Court also held in *Moorehead's Est.,* 289 Pa. 542, 137 A. 802, that the spendthrift trust involved did not bar the wife's claim for support. The appellant argues, also, that the public policy of Pennsylvania is not involved in the instant case as two nonresidents are primarily concerned in this litigation.

Another question is raised and that is whether that part of the judgment respecting the attorney's fees is a legal claim against the funds in the hands of the trustee under the spendthrift trust. In the former appeal (127 Pa. Superior Ct. 567), the attachment covered funds of the testamentary and the spendthrift trusts. We did not hold therein that a spendthrift trust fund may be attached for counsel fees incurred in a divorce proceeding by the wife of the cestui que trust. This, as well as the other questions to which we have referred, should be considered and determined when the facts are thoroughly established. Our conclusion is that all these disputed matters ought to be presented before and disposed of by the court having jurisdiction of the accounts of the trustee. In any event, this was not a case to be decided on the pleadings.

Judgment of the lower court is reversed.