## Greco et ux. *v.* Rainal et al. (et al., Appellant).

100

Argued October 25, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Richard Henry Klein,* with him *Louis H. Cooke,* for appellant.

*Frank H. Strouss,* with him *Carleton M. Strouss* and *Raymond B. Tobias,* for appellees.

OPINION BY BALDRIGE, J., January 31, 1939:

The plaintiffs issued a writ of attachment execution on a $2,800 judgment against Benjamin Rainal and summoned the New York Life Insurance Company and the Metropolitan Life Insurance Company as garnishees. The latter, however, is not involved in this appeal. Interrogatories were filed by the attaching creditors, together with a rule to answer. The court below entered judgment for the plaintiffs on the answers filed by the garnishee to the interrogatories. The insurance company, garnishee, appealed.

The principle is well recognized that answers to interrogatories are not to be construed with the same strictness as an affidavit of defense (*Collins v. O'Donnell et al.,* 325 Pa. 366, 367, 191 A. 22) and judgment should not be entered against a garnishee unless he expressly or impliedly admits the indebtedness so distinctly as to leave no doubt: *Stewart v. Stewart et al.,* 132 Pa. Superior Ct. 290, 200 A. 901. When a garnishee's answers to the interrogatories contain an adequate denial of liability, the proper practice is for the

court to refuse to enter a judgment on the answers and to permit the plaintiff to plead and proceed to trial: *Stern & Co. v. Harrod et al.*, 90 Pa. Superior Ct. 327, 330.

With these general principles in mind, let us turn to the garnishee's answer and supplemental answer to the interrogatories to ascertain if facts are set forth which adequately deny liability over to the attaching creditors.

It appears that on November 20, 1936, the writ of attachment was served on the Insurance Commissioner of Pennsylvania and he immediately notified the New York Life Insurance Company, garnishee, in New York, by telegraph. Proofs of claim and of death of the insured, Teresa Rainella, were submitted to the garnishee on November 20th. On November 23d a check for $894.02, one-half the amount due under the policy, was issued to the order of Beny Rainella as one of the beneficiaries named therein. The check was deposited by him on or about November 25th in his bank at Mount Carmel, Pa., and charged to the drawee on November 27th.

The garnishee had no notice or knowledge that "Benjamin Rainal," at the time check was delivered to him, was the same person as "Beny Rainella" the beneficiary in the insurance policy. The burden is on an attaching creditor, as on an assignee of a chose in action, to give notice, sufficiently clear, definite, and accurate, so that a reasonable man may control his conduct in relation to the matter which is the subject of the notice: *Phillips' Est.* (No. 4), 205 Pa. 525, 530, 55 A. 216.

In *Shipman v. Seiwell et al.*, 101 Pa. Superior Ct. 95, 101, a judgment was entered in the name of "Howard W. Seiwell" and the debtor in the attachment execution was designated as "Howard E. Seiwell." We held, speaking through Judge Cunningham, that the insertion of an erroneous middle initial was such a slight change in the name that the garnishee remained under

a duty of making "such inquiry as would be reasonably expected and proper in view of the fact that it was a bank and under certain obligations to its depositors."

Here, the names of defendant in the attachment proceeding and of the beneficiary in the insurance policy are quite dissimilar. Certainly the resemblance is not so marked that it could be conclusively said as a matter of law that the garnishee was put on notice that the names designated the same person. When one is known, as here, under several names, the proper practice for an attaching creditor to follow is to notify the garnishee of that fact: *Welmet B. & L. Assn. v. Matchica*, 310 Pa. 275, 165 A. 227. In this instance, the defendant's name in the attachment execution should have been "Benjamin Rainal, also known as Beny Rainella." That would have given notice to the garnishee to hold all assets payable to a person bearing either of those names. It is well settled that "Where defendant is not known to the garnishee by the name under which he is described in the writ, payment made in ignorance of the identity of the defendant has been held to relieve the garnishee from liability, except in a case where he has notice of facts putting him on inquiry": 28 C. J. p. 264, §360.

The garnishee further averred in its supplemental answer:

"That the garnishee Company above named, after service of the writ of attachment, exercised reasonable diligence in endeavoring to ascertain the policy upon which the above attachment was issued, but could not and did not ascertain that the proceeds of the policy in question had been attached, and thus prevent the payment of the proceeds of the policy to Beny Rainella, the beneficiary therein named, for the reason that the garnishee Company's records are kept by policy number and by the name of the insured, and not by the names of the various beneficiaries, and the only information given to the garnishee Company by the plaintiffs in the

writ of attachment, was the name of the beneficiary and not the insured's name or the number of the policy."

Recently, in *Taylor, Admx. v. Home Life Ins. Co.,* 125 Pa. Superior Ct. 529, 189 A. 722, we approved the right on the part of an insurance company to keep its index records by number and not by name. See, also, *Hood v. Prudential Life Ins. Co.,* 26 Pa. Superior Ct. 527.

We are of the opinion that this was not such a clear case as justified the entry of judgment against the garnishee upon its answers to interrogatories. The garnishee has raised an issue of fact which, if supported by competent evidence, should be submitted, with proper instructions, to a jury for determination.

Judgment of the lower court is reversed, with a procedendo.