**BRASWELL, Plantiff-Appellant, v. AMERICAN LIFE AND ACCIDENT INSURANCE COMPANY OF KENTUCKY, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6443. Decided Feb. 5th, 1945.

Messrs. Falk & Paul, Cincinnati, for Appellant.
Mr. Milton M. Bloom, Cincinnati, for Appellee.

## OPINION

By HILDEBRANDT, J.

From a judgment denying recovery on two policies of industrial insurance, other than a return of premiums, appeal is had here on questions of law.

In 1934, the mother of the deceased assured made application for and obtained two policies of industrial insurance on his life, giving his name as Erasters Braswell, and the date of his birth as March 18, 1919, an address on Foraker Ave., and with herself, Elberta Braswell, as beneficiary. It does not appear that the assured during his lifetime knew of the issuance of the above policies.

Some time after issuance of the above policies, the Braswell family moved from the Foraker Avenue address to Lockland, Ohio, and the premium payments were collected by a different agent of the Company.

In 1942, two additional applications for industrial insurance, with his wife, the plaintiff here, as beneficiary, were made, and policies issued with premium payment handled by the agent of the company serving the Walnut Hills area, within which the assured was then living. In the latter two applications and policies, the name of the assured was given as Ernest Braswell, and date of birth March 18th, 1918.

Following the accidental death of the assured, on proper application and proof, the two 1934 policies were paid to the mother.

On plaintiff's application—payment was refused, other than a tender back of premiums paid, the refusal being based on the following provisions contained in the A and E policies respectively:

"NO LIABILITY is assumed by the Company prior to the date hereof, nor unless this policy has been manually delivered to the insured in person, and the first weekly premium paid while the applicant is alive and in sound health and free from the effects of any injury, and unless otherwise stated in the 'Space for Endorsements' below in a waiver signed by the President or Secretary of the Company, this policy is void and the liability of the Company shall be limited to the return of the premiums actually received by it, if there is in force upon the life of the insured a policy previously issued by this Company, and the Company shall not be presumed or held to know of the existence of any previous policy. and the issuance of this policy shall not be deemed a waiver of this condition."

"Unless otherwise stated in the 'Space for Endorsements' below in a waiver signed by the President or Secretary of the Company, this policy is void if the insured has had within one year before the date hereof any chronic disease or complaint, of if there is in force upon the life of the insured a policy previously issued by this Company, and the Company shall not be presumed or held to know of the existence of any previous policy and the issuance of this policy shall not be deemed a waiver of this condition; and in either of the foregoing cases, the liability of the Company shall be limited to

the return of the premiums actually received by it under this policy."

Following the accepted and customary practice, the Company records were kept by policy number, not by name, and the record discloses that the Company had no actual knowledge of the duplication of policies on the same assured until the plaintiff made application following his death.

The sole question here is as to the validity of the conditions quoted from A and E policies above.

The substance of the appellant's contention is that such provisions relied on by the defendant here are unreasonable and, therefore, invalid and unenforceable, and that the Company stands charged with the knowledge of the issuance of the prior policies by itself and by issuing the subsequent policies and collecting premiums have waived the conditions set forth above, and are, in effect, estopped to rely on the same.

The Court has been unable to find Ohio authority dispositive of the case, and there seems to have been a division of authority in other states, turning, however, largely on the particular facts.

Under the facts here, the weight of authority seems to conclusively establish the validity of such provisions and conditions in the policy.

In 29 Am. Jur., par. 587, page 477, it is stated:

"As to an industrial insurance policy, it has been held that a condition therein avoiding it unless indorsement is made thereon of the fact that other policies have been previously issued by the insurer is a reasonable one which the insurer may properly impose, and a defense based upon such a conditon does not involve the issue of fraud."

In the case of Golden v Nat'l Life & Accident Ins. Co., 125 A. L. R. 838; 5 S. E. (2nd) 198, and the annotation thereafter, beginning at page 846, the subject-matter here is thoroughly discussed, the division in authority pointed out and cited, and the reasons for the division and the distinction between the cases set forth. At page 847, the following appears:

"The question suggested by the present subject is one which admits of no categorical answer, and involves some

definite conflict of authority, even though, for the most part, the cases are admittedly decided upon their own peculiar facts. The question practically always involves the construction and application of a provision or condition of the policy against recovery, or full recovery, in case prior insurance exists in the same company, without a proper indorsement on either prior or subsequent policies authorizing additional insurance therein. The result in a particular case must depend also upon various facts relied upon to show a waiver of, or an estoppel to enforce, the condition. Among the important factors involved in the decisions are: the effect of the fact that the insurer keeps its record of insurance policies by number and, as in the case of numerous industrial policies, this is a reasonable and practical method; the question whether the provision in the policy relied upon by the insurer is in the nature of a forfeiture clause or a mere limitation of the amount of recovery, as for the premiums paid; the authority of the agent having knowledge of the other insurance; the good faith of the insured, or his ignorance of the other policy, as where it has been procured by another without his knowledge.

"There is probably no disagreement as to the proposition that a policy condition rendering it void in case of the existence of prior insurance in the same company may be waived by certain conduct on the part of the insurer, other than that prescribed by the condition, following the receipt of knowledge of the fact by the persons specifically authorized to grant permission for subsequent insurance with the company, or even by agents, clerks, or other representatives of the insurer under some circumstances. In such cases it may be said that the insurer possesses actual knowledge of the fact, which is, of course, a sufficient predicate upon which to base an estoppel or waiver, by subsequent conduct, such as issuance of subsequent insurance, delay, failure to cancel, or the acceptance of premiums. The difficulty presented in the majority of the cases arises because of uncertainty as to what constitutes imputable knowledge, and as to whether or not it was acquired by a representative of the insurer whose position or authority was such that his knowledge became that of the insurer, or as would empower him to effect a waiver."

Generally, the factual situation necessary to cases sustaining defense to or limitation of recovery are set forth at page 853, as follows:

"Although, as previously indicated, there is authority to the contrary, some cases have taken the view that failure to comply with a provision that the existence of prior insurance shall render subsequent insurance with the same insurer void or unenforceable if written permission for the latter be not secured from designated persons constitutes a defense to the enforcement of the subsequent insurance, or at least limits the liability of the insurer to the premiums paid therefore, especially where absolute forfeiture of paid premiums and extinction of all liability of the insurer is not a necessary consequence, and there is an absence of evidence establishing actual or imputable knowledge on the part of the insurer of the prior insurance, or of conduct with reference to the subsequent insurance amounting to a waiver of the provision, in view of such knowledge. The question of knowledge often involves particular notice of or an inquiry into the manner of the insurer's record-keeping."

Some trial courts have confused the law applicable to negotiations and applications for a policy of insurance with the law applicable to a condition in the policy itself. There is a difference between obtaining a contract through misrepresentation as to a fact and making the existence of that fact a condition upon which the contract, by its written terms is dependent, as in the instant case. McAuliffe v Met. Life Ins. Co., 93 N. J. L. 189; Chorney v Met. Life Ins. Co. (Rhode Island Sup. Ct.) 172 Atl. 391.

That the defendant here had authority to limit its contract by imposing the conditions quoted cannot be questioned. The question here then is resolved to be—where a policy of life insurance contains a condition precedent, can there be a recovery where the condition precedent has not been complied with?

Specifically, the method of keeping the accounts by policy number has been approved in Pisker v Met. Life Ins. Co., 115 N. J. L. 582; Taylor v Home Life Ins. Co of Amerca, 125 Pa. Super. Ct. 529, with facts almost identical with the instant case, and numerous other cases appearing in the annotation in 125 A. L. R. This Court cannot say that such method is unreasonable.

The instant case is strengthened by its facts which clearly show no actual knowledge, and by reason of the different agents in different localities collecting the premiums and

the discrepancy in name and date of birth, a complete absence of any facts from which knowledge might be imputed to any officer in authority to issue the policy or waive any of its conditions.

The judgment is therefore, affirmed.

ROSS, P. J., HILDEBRANT & MATTHEWS, J. J., concur in the syllabi & opinion.

ROSS, P. J. concurring.

I concur in the judgment, for the reason that the name of insured and date of birth in the policies was not identical, and the insurer was, therefore, not put on notice of the earlier policies, covering the insured.