**ADAMS APPLE PRODUCTS CORPORATION v. MONMOUTH PRODUCTS CO. (MERCHANTS NAT. BANK OF ALLENTOWN, PA., Garnishee).**

**Civ. A. No. 7932.**

United States District Court
E. D. Pennsylvania.

Aug. 16, 1949.

Edwin S. Malmed, of Philadelphia, Pa., for plaintiff.

John R. Young and G. Selden Pitt, of Philadelphia, Pa., for garnishee.

BARD, District Judge.

This case involves those principles in Pennsylvania law which are common to foreign attachment and attachment execution. It is now before me on the plaintiff's motion for judgment against the garnishee on the basis of the garnishee's answers to the plaintiff's interrogatories.

On November 18, 1947, a complaint was filed against Monmouth Products Co., a New Jersey corporation, 514 Sumner Avenue, Allentown, Pennsylvania, defendant, and The Merchants National Bank of Allentown, Penna., 7th and Hamilton Streets, Allentown, Pennsylvania, garnishee. Service of the complaint was made on the defendant on November 26, 1947. A writ of foreign attachment was drawn up against the goods and chattels, lands and tenements of "Monmouth Products Co., a New Jersey Corporation". Copies of this writ were served on November 26, 1947 on the defendant and on the garnishee.

The answer of the defendant, filed on December 16, 1947, showed that its correct corporate name is "Monmouth Products Company, Inc."

Judgment was entered on July 9, 1948 in favor of the plaintiff for $6,334.40 with interest from April 7, 1947. On July 27, 1948 a writ of scire facias was served on the garnishee.

At the time the sci. fa. was served, the garnishee did not have any funds of the defendant on deposit. However, when the writ of foreign attachment was served, the garnishee had an account in the name of "Monmouth Products Co., Inc." which had a balance of $3,698.99. Deposits were subsequently made in this account on November 26, 1947 and December 12, 1947, in the amounts of $191.89 and $229.53 respectively. On December 16, 1947 this account was closed out, presumably by the garnishee's paying over the balance to the depositor, Monmouth Products Co., Inc.

The question presented to the court is whether this writ of foreign attachment sued out against "Monmouth Products Co., a New Jersey Corporation" is sufficient to bind the account "Monmouth Products Co., Inc." so that the garnishee will be required to pay twice.

The garnishee, upon service of a writ of foreign attachment, becomes a party to the action. His status in the litigation, however, is more like a stakeholder rather than the plaintiff or defendant. He is bound to exercise unusual diligence and caution to protect the interests of the other parties. He cannot be compelled to pay either the plaintiff or the defendant until a legal result has been reached. But if he pays the wrong party before the contest has been judicially determined, he does so at the risk of being compelled to pay the right party when this party has been ascertained by the court. Shipman v. Seiwell et al., 101 Pa. Super. 95, 101; Paul v. Johnson, 9 Phila. 32.

But when the defendant is not known to the garnishee by the name used in the writ of attachment, payment by the garnishee in ignorance of the defendant's identity will relieve the garnishee from liability unless he has notice of facts which put him on inquiry as to the defendant's identity. Greco et ux. v. Rainal et al., 134 Pa.Super. 99, 101, 4 A.2d 232; Shipman v. Seiwell, supra; Paul v. John-

son, supra; 38 C.J.S., Garnishment, § 186c, page 417.

■ Furthermore, judgment cannot be entered against the garnishee on the basis of his answers to interrogatories unless they contain, by express or necessary implication, a clear and unequivocal admission of indebtedness to the defendant. Hagy v. Hardin et al., 186 Pa. 428, 40 A. 804; McCallum et al. v. Morris et al., 179 Pa. 427, 36 A. 231; Stewart v. Stewart et al., 132 Pa.Super. 290, 294, 200 A. 901; Budd Bldg. & Loan Ass'n v. Kinsella et al., 102 Pa.Super. 248, 257, 156 A. 577.

There is an unequivocal admission by the garnishee of indebtedness to the defendant. Although it denies being indebted to Monmouth Products Co., the garnishee expressly admits that it had on deposit funds belonging to Monmouth Products Co., Inc., and that it had no set-offs or counter-demands against these funds.

There is no doubt but that Monmouth Products Co., Monmouth Products Company, Monmouth Products Co. Inc., and Monmouth Products Company, Inc., are one and the same corporation. The person who signed an affidavit filed by the defendant was the same person who was authorized to sign checks on the Monmouth Products Co., Inc. bank account, and who signed the letters sent to the garnishee, which letters are described later in this opinion.

The question now becomes whether, under the circumstances of this case, there were sufficient facts to put the garnishee on inquiry notice as to the defendant's identity.

■ The garnishee admits that it made no effort whatsoever to ascertain whether Monmouth Products Company was the same firm or corporation as Monmouth Products Co., Inc. To my mind, the garnishee did not use the due care and diligence required of it when it allowed the bank account in question to be closed out. The garnishee had sufficient facts

within its own files to ascertain that Monmouth Products Co. and Monmouth Products Co., Inc. were the same corporation. The slightest inquiry by the garnishee would have disclosed this fact.

The names Monmouth Products Co. and Monmouth Products Co., Inc. are so similar that even the most unreasonable person should have been put on inquiry notice by just looking at the names. Moreover, it is common knowledge that the words "company" and "incorporated" are often abbreviated to "Co." and "Inc."; and when both words are included in a corporate name, they may be abbreviated or the "Inc." omitted in business transactions.

The garnishee could have asked the marshal who served the writ of foreign attachment for the defendant's address, because that marshal either had in his possession or had that same day served the defendant with a copy of the complaint which had the defendant's address in the caption. But no questions were asked [1]. However, this fact apparently did not have to be ascertained by the garnishee. For although neither the caption of the writ of foreign attachment nor the caption of the writ of scire facias included the defendant's address, the first paper filed by the garnishee did include the defendant's address in its caption.

Knowing the address of the Monmouth Products Co., the garnishee would have seen that its depositor, Monmouth Products Co., Inc., also had the same address if it had only looked at the signature card filed with it by the defendant. A local telephone call to their depositor at that time would have prevented this litigation. Or even without knowing the address of Monmouth Products Co., a look by the garnishee at the signature card to determine their depositor's address and a local telephone call would have avoided this lawsuit.

If the garnishee had looked at the Resolution of the Board of Directors of Monmouth Products Co., Inc. authorizing a bank account in the garnishee bank,

---

[1] Normally, a copy of the complaint will be served by the marshal upon the garnishee at the same time the writ of foreign attachment is served. However, there is no record in this case that a copy of the complaint was so served.

800

which resolution was filed with the garnishee, it would have seen that Monmouth Products Co., Inc. was also a New Jersey corporation. Assuming that Monmouth Products Co., Inc. was doing business in Pennsylvania since it had an office in Allentown, it should be registered with the Secretary of the Commonwealth. A foreign business corporation is not authorized to do business within Pennsylvania if its name is the same as or deceptively similar to the name of any other foreign corporation authorized to do business in Pennsylvania. 15 P.S. §§ 2852—1002(3). Therefore, the garnishee should have realized that Monmouth Products Co. and Monmouth Products Co., Inc. might well be the same corporation and have made further inquiry.

And finally, if the garnishee had only looked at one of the letters dated October 14, 1947, October 27, 1947. and November 7, 1947, which it had received from its depositor, it would have seen that Monmouth Products Co. and Monmouth Products Co., Inc. were one and the same. The letter-heads read Monmouth Products Co. and gave the Allentown address, but the signatures were under the titles of Monmouth Products Co., Inc. or Monmouth Products Company, Inc.

All the necessary facts to ascertain that the defendant Monmouth Products Co. was the same as Monmouth Products Co., Inc. were in the garnishee's files. The garnishee has no excuse for allowing the Monmouth Products Co., Inc. account to have been closed out after the writ of foreign attachment had been served upon it.

█ A writ of foreign attachment binds all property of the defendant in the hands of the garnishee at the time of the service of the writ, plus all additional property received up to the time of trial on the interrogatories or the dissolution of the attachment. Powers, to Use of Finn v. Slattery et al., 333 Pa. 54, 64, 3 A.2d 780; Frazier et al. v. Berg et al., 306 Pa. 317, 325, 159 A. 541. Therefore, the plaintiff's motion for judgment against the garnishee will be granted in the amount of $4,120.41.

█ Plaintiff also asks that interest be charged against the garnishee. The rule in Pennsylvania is that the running of interest on a garnishee's obligation to a defendant in attachment proceedings is suspended during the litigation. Powers, to Use of Finn v. Slattery et al., supra, 333 Pa. 54, at page 61, 3 A.2d 780; Barnes v. Bamberger, 196 Pa. 123, 46 A. 303. The only exception to this rule is where there is fraud or collusion, or any unreasonable delay occasioned by the conduct of the garnishee himself. Powers, to Use of Finn v. Slattery et al., supra 333 Pa. 54, at page 61, 3 A.2d 780; Jones v. Manufacturers' National Bank, 99 Pa. 317, 319.

█ The garnishee's failure to look at even his own records was such gross negligence that the delay caused by this litigation was an unreasonable delay occasioned by the conduct of the garnishee himself. Accordingly, the plaintiff is entitled to interest from November 18, 1948, the date that the garnishee filed its answer to the plaintiff's first set of interrogatories denying its indebtedness to the defendant.

An order will be entered in accordance with the views expressed in this opinion.

